IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-2472-PAB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
                          Plaintiff,
and

LA' TONYA FORD, ET AL.
                          Intervenor Plaintiffs
      v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, and
JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,
                          Defendants.

---

**CONSOLIDATED RESPONSE IN OPPOSITION TO
DEFENDANTS' CONSOLIDATED PARTIAL MOTION TO DISMISS EEOC'S
SECOND AMENDED COMPLAINT AND INTENVENOR PLAINTIFFS' FIRST
AMENDED COMPLAINT**

---

The Equal Employment Opportunity Commission ("EEOC") and La' Tonya Ford, Kimberly Funchess, Marcus Adams, Kenneth Conley, Alcena Gannaway, The Estate of Kontar Tonee Mwamba and Marietta Vargas ("Intervenors") (together collectively referred to as "Plaintiffs") file this Response Opposing Defendants' Partial Motion to Dismiss the EEOC's Second Amended Complaint (Doc. No. 31) and Intervenors' First Amended Complaint in Intervention (Doc. No. 51) pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 54). Defendants assert that certain claims for relief made by Plaintiffs are time barred and that the EEOC's claims on behalf of Robert Blanchette and George Thomas Minas Hill are subject to dismissal for failure to exhaust administrative remedies. As shown herein, all of the claims for relief filed by Plaintiffs are within the statutory limitations period

established by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"). Moreover, the EEOC may litigate claims discovered during its investigation on behalf of individuals who did not file a charge of discrimination. Defendants' Motion for Partial Dismissal is wholly without merit.

## FACTUAL BACKGROUND

The EEOC is the federal governmental agency charged with eradicating employment discrimination under several statutes, including Title VII. Intervenors filed charges of discrimination alleging that Defendants engaged in discriminatory and retaliatory conduct in violation of Title VII. During the course of its investigation of these charges, the EEOC identified (and is continuing to identify) additional individuals who had also been subjected to unlawful discriminatory and retaliatory conduct during the course of their employment with Defendants. At the conclusion of its investigation, the EEOC issued letters of determination finding reasonable cause to believe that Defendants had violated Title VII with regard to Intervenors and other unidentified individuals (collectively called "aggrieved individuals"). (Doc. No. 51-1.) After being unable to resolve the charges during conciliation, the EEOC filed this action and Intervenors intervened.

Plaintiffs allege that Defendants engaged in discriminatory conduct in violation of Title VII. Both complaints assert claims for relief based on a hostile work environment and discrimination regarding other terms and conditions of employment on the basis sex and race (and/or color by Intervenors; and/or national origin by the EEOC); and retaliation. The EEOC seeks relief not only on behalf of Intervenors but also on behalf of a group of identified and unidentified aggrieved individuals who were adversely affected by Defendants' discriminatory

2

and retaliatory conduct.

Contrary to Defendants' mischaracterizations, Plaintiffs' claims are related in important ways. Both Plaintiffs assert claims on behalf of individuals who worked in JNLD's sales organization, and all claims arise out of an environment, fostered by the individual who assumed management of that organization in mid-2007, in which discrimination against and harassment of black and female employees in that organization, and retaliation against those who protested such treatment, were rampant, open, and participated in by the highest levels of management. With the exception of Robert Blanchette, all of the aggrieved individuals are African-American or Black, three are female and two are also of African national origin. Several aggrieved individuals, including Blanchette, were retaliated against by Defendants when they either engaged in protected activity or opposed Defendants' discriminatory conduct.

None of Plaintiffs' allegations should be dismissed as untimely. Most of the factual allegations identified by Defendants as untimely are acts or events which contributed to the hostile work environment, which is the basis for Plaintiffs' harassment claims. Pursuant to the Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), a claim for hostile work environment can include acts occurring more than 300 days prior to the filing of a complaint, so long as at least one act occurred within the 300-day filing period, and Plaintiffs' Complaints satisfy this requirement. To the extent any factual allegations which predate the 300-day period are not component acts of a hostile work environment, they are not "claims for relief" subject to dismissal. Rather, they are factual allegations properly included in Plaintiffs' Complaints as probative of Defendants' discriminatory intent.

Defendants' motion for partial dismissal also fails to the extent it seeks dismissal of the EEOC's claims on behalf of Robert Blanchette ("Blanchette") and George Thomas Minas Hill ("Hill") on the basis that they failed to exhaust administrative remedies. Defendants' motion fails on this issue because case law clearly establishes that the EEOC is entitled to seek relief for additional victims of Defendants' discrimination, regardless of whether they filed charges of discriminations themselves. There is no exhaustion requirement for such victims.

## STANDARDS FOR REVIEW PURSUANT TO RULE 12

Defendants seek partial dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In order to succeed, Defendants must show, based on the allegations in the pleadings alone, that the Court lacks subject matter jurisdiction on the claims set out in the complaints and/or that the complaints have failed to assert a claim upon which relief can be granted. *Id*. Although Fed. R .Civ. P. 8 indicates that a pleading only requires a short and plain statement of the grounds for the Court's jurisdiction and the pleader's claim for relief, the Supreme Court has interpreted this requirement to hold that the pleading must contain sufficient factual allegations (taken as true) to show the pleader plausibly entitled to relief. *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555, 557-58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plausibility is shown on the face of the pleadings when the pleadings show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Plaintiffs are not required to plead a prima facie case, but the court looks to the elements of the cause of action to determine if a plausible claim has been set forth. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint." *Twombly*, 550 U.S. at 563.

## ARGUMENT

### I. NONE OF THE ALLEGATIONS IN EITHER COMPLAINT ARE UNTIMELY.

Sections I and II of Defendants' "Motion to Dismiss" do not actually seek to dismiss any claims for relief. Rather, they seek to strike specific factual allegations from the Complaints, without even acknowledging, let alone attempting to satisfy, the requirements of Rule 12(f). Fed. R. Civ. P. 12(f) (the Court *may* strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."). For example, Defendants seek to strike from Intervenor Plaintiffs' Complaint an allegation that Defendants' executive vice president, Greg Salsbury, stated in January 2007 that Defendants had closed Defendants' Atlanta office and moved its operations to Denver, because the Atlanta workforce and applicant pool were "too black."[1]

This and the other allegations targeted by Defendants are properly included in the Complaints. They are included as examples of specific incidents which contributed to a single, continuing hostile work environment, and they are included as evidence of discriminatory intent. Hence, Defendants' claim that these allegations "should not be considered," Motion at p. 9, is simply incorrect.

#### A. Plaintiffs Adequately Have Pled a Continuing Violation.

In this case, Plaintiffs allege that Defendants created and maintained a racially and sex-based hostile work environment in their Denver office, beginning by 2007 and continuing, at a

---

[1] Perhaps because Defendants' motion is not properly understood as a motion to dismiss, Defendants have identified neither the separate claims for relief which they seek to dismiss, nor elements which Plaintiffs failed to plead, as required by this Court's Practice Standards. Indeed, it appears to be undisputed that Plaintiffs have pled all essential elements of their claims for hostile work environment and discrimination in other terms and conditions of employment.

minimum, throughout the employment of the Aggrieved Individuals. Plaintiffs further allege that this hostile environment was fostered and contributed to by the highest levels of Defendants' management, including especially James Bossert – who assumed management of the Denver office in May 2007 – and also his superior, Greg Salsbury. *See, e.g.*, In. Comp., ¶¶ 23-26, 33, 35; SAC, ¶ 55. The specific allegations which Defendants claim should be "dismissed" as "untimely" are allegations of "component acts" which contributed to this hostile work environment. Because that hostile work environment constituted a continuing violation of Title VII, there is no basis to "dismiss" any of these factual allegations.

In a misguided effort to bolster their motion, Defendants use much of their motion to take the facts undergirding the Plaintiffs' hostile work environment claims and break them up into what they erroneously claim are a series of discrete acts in an effort to claim they are time-barred, depriving this Court of jurisdiction. As this Court is undoubtedly aware, a hostile work environment claim is comprised of multiple acts over a period of time, some of which may have taken place outside of the 300 day filing period under Title VII, but which constitute one unlawful employment practice. *Morgan*, 536 U.S. at 115; *Hansen v. SkyWest Airlines*, 844 F.3d 914, 923 (10th Cir. 2016); *EEOC v. WC&M Enterprises*, 496 F.3d 393, 398 (5th Cir. 2007); *Boyer v. Cordant Techs., Inc.*, 316 F.3d 1137, 1139-1140 (10th Cir. 2003). A hostile work environment claim is based "on the cumulative effect of a thousand cuts, rather than on any particular action taken by the defendant so the filing clock cannot begin running with the first act, because at that point the plaintiff has no claim; nor can a claim expire as to that first act because the full course of conduct is actionable infringement." *Heath v. Bd. Of Supervisors for the Southern Univ. and A&M College*, __3d __, 2017WL 923408, *3 (5th Cir. 2017)(citing

6

*O'Connor v. City of Newark*, 440 F.3d 125, 128 (3rd Cir. 2006) *See also Hansen* 844 F. 3d at 923(quoting *Morgan*, 536 U.S. at 117.)("[H]ostile work environment claims are different" from discrete acts of discrimination in that they are "composed of a series of separate acts that collectively constitute one unlawful employment practice.") A hostile work environment claim is timely so long as any of the acts which contributed to the hostile work environment occurred within the 300 day time period. *Morgan*, 536 U.S. at 115-17; *Hansen*, 844 F.3d at 923; *WC&M*, 496 F.3d at 398; *Boyer*, 316 F.3d at 1140.

Defendants attempt to avoid application of the continuing-violation doctrine by defining it far more narrowly than is supported by the case law. Continuing violations are not the rarely-spotted, exotic specimen Defendants would have the Court believe. Rather, as a general rule, a work environment that is pervasively hostile towards members of a group protected by Title VII over a sustained period of time will constitute a continuing violation of Title VII.

As stated by the Supreme Court: "[h]ostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *Morgan*, 536 U.S. at 115; *See also Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1138-39 (10th Cir. 2008). As such,

> [i]t does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Morgan*, 536 U.S. at 117.

Following *Morgan*, the Tenth Circuit unequivocally rejected attempts to limit relief to the filing period in a hostile work environment case. *See Boyer*, 316 F.3d at 1140 ("*Morgan* implicitly overruled *Bullington*, *Martin* and other Tenth Circuit cases to the extent these cases

7

held that recovery on a Title VII hostile work environment claim is not available for acts taken outside the statutory time period where the plaintiff knew or should have known the conduct was discriminatory when the acts occurred."). In *Boyer*, as here, the plaintiff "alleged she experienced a racially and sexually hostile work environment throughout her employment, and sought relief under Title VII of the Civil Rights Act of 1964*." Id.* at 1138. In *Boyer*, as here, the plaintiff alleged that the hostile work environment began well before the 300-day pre-charge period, but further alleged that the hostile environment continued into the 300-day period, and that some of the acts that comprised the hostile work environment occurred in the 300-day period. Defendants have not even acknowledged *Boyer*, let alone tried to explain why it does not control.

Indeed, Defendants' position that the continuing violation doctrine does not apply to Plaintiffs' hostile work environment claims appears to rest entirely on a conclusory assertion that a hostile work environment will not constitute a continuing violation if it is created by "discrete acts" that "occur[] on particular dates." Motion, p. 11. This is nonsensical. All pervasively hostile work environments are created by a collection of actions, each of which necessarily occurred on a specific date. The Court in *Morgan* referred to these as the "component acts" of the hostile work environment, and the Fifth Circuit in *Heath* referred to them as the "thousand cuts." *Morgan*, *supra* at 115; *Heath*, *supra* at *3. When a company denies a promotion to an employee because of the employee's race, that single action constitutes a violation of Title VII. But it is also a violation of Title VII when a company subjects the same employee to a hostile work environment because of his race, through a hundred different component acts, regardless of whether any of those component acts would be actionable in isolation. What defines a continuing

violation is not the absence of separate events, but the combining of many separate events to form a single violation of Title VII.

Admittedly, there may be circumstances under which a component event which occurred before the 300-day period is so unrelated to events which occurred within the 300-day period as to not be actionable under the continuing violation theory. Defendants do not claim to have identified any such clearly unrelated component events here, but only state their conclusory assertion that all events are "discrete acts," merely because they all occurred on "particular dates." See Defendants' Motion, pp. 10-11. Regardless, a motion to dismiss is not the appropriate time to make such fact-specific determinations. *See, e.g., Graham v. St. John's United Methodist Church*, 913 F. Supp. 2d 650, 654 (S.D. Ill. 2012) ("It is premature for the Court to decide whether any of the acts alleged by Graham are time-barred . . . or whether all acts of which Graham complains are actionable under a continuing violations theory. This can only be determined on a fuller record after further discovery has occurred."); *Guerrero v. Vilsack*, 134 F. Supp. 3d 411, 432 (D.D.C. 2015), and cases cited therein (denying a motion to dismiss, in part because "[t]he Court does not yet have all 'all the circumstances,' and thus cannot begin to undertake the inquiry" into whether various alleged acts were or were not part of a continuing violation).

Defendants also cannot support their motion by generalized complaints that various allegations of harassing comments are not pled with particularity as to which individuals uttered the words and on what dates. Unlike fraudulent statements, sexually and racially harassing statements are not required by Rule 9 to be pled with particularity. Plaintiffs alleged a continuous stream of disparaging comments and actions, Plaintiffs give many specific examples of those

comments and actions, and Plaintiffs specifically allege that this conduct continued through the last day of each Intervenor Plaintiff's employment. *See, e.g.,* Intv'rs. Compl, ¶ 44.[2] This is all that is required to state a plausible claim for a continuing hostile work environment, and no authority cited by Defendants requires anything more.

*Mitchell v. Geo Grp., Inc.*, No. 05-CV-00197-PSF-CBS, 2005 WL 1489658 (D. Colo. June 23, 2005), is distinguishable as most of the plaintiff's claims in that case were dismissed because her charge of discrimination alleged only retaliation in violation of the ADA, such that she failed to exhaust claims under Title VII and the ADEA. *Id.* at * 5. Her claim for retaliation under the ADA was dismissed because she failed to plead facts which made plausible her allegation of retaliatory intent, in part because she failed to plead that any adverse action was temporally proximate to her protected activity. *Id.* at *6 ("She therefore has failed to establish that element of a prima facie case of retaliation requiring a temporal or causal connection between the adverse employment action taken against her, and her assertion that she made complaints beginning in June 2002"). No such pleading deficiency exists here.

In the other case cited by Defendants, the plaintiff's sex-discrimination claim was dismissed, for the simple reason that she had not alleged that any action taken by the employer within the 300-day period was motivated by gender bias. Indeed, she specifically alleged that the only action taken by the employer within the 300 days was motivated by "her disability, not her gender." *DD v. Lincoln Hall*, No. 09-CV-860 CS/LMS, 2010 WL 695027, at *5 (S.D.N.Y. Feb. 19, 2010). Thus, this authority relied on by Defendants is unavailing.

---

[2] Other allegations in the Complaints state the dates on which Intervenor Plaintiffs filed Charges of Discrimination and the dates on which their employment ended, making clear that a hostile work environment which continued through the end of their employment necessarily extended well into the 300 days preceding their Charges of Discrimination.

> B. **Discriminatory Acts and Statements Which Occurred More Than 300 Days Before the First Charge of Discrimination Are Also Evidence of Discriminatory Intent.**

All of Plaintiffs' factual allegations are properly included in their Complaints, in support of the necessary inference of discriminatory intent. Discriminatory acts and statements which occurred more than 300 days before a charge of discrimination was filed may be used as evidence of discriminatory intent with respect to an adverse employment action that occurred within the 300-day period. *See, e.g., Morgan*, 536 U.S. at 113 (Title VII's exhaustion requirement does "not bar an employee from using the prior acts as background evidence in support of a timely claim"); *Sunderman v. Westar Energy, Inc.*, 307 F. App'x 224, 229 (10th Cir. 2009) ("the court should have considered the prior retaliation alleged by plaintiff as background evidence when considering plaintiff's claim that he was terminated in retaliation for filing his complaint with the KHRC"). Accordingly, it is proper for Plaintiffs to include in their Complaints allegations of events which occurred outside of the 300 day period, but which support an inference that discrimination motivated events which did occur with the 300 day period. For this reason alone, Defendants' attempt to "dismiss" these allegations is without merit:

> Defendant also asserts that the time barred claims are not relevant. Relevancy is not a basis for a motion to dismiss, and even conduct which is time barred would not necessarily be irrelevant. An employee is not barred "from using the prior acts as background evidence in support of a timely claim."

*Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1143 n.2 (M.D. Fla. 2016) (*quoting Morgan*, 536 U.S. at 113).

## II. NO EXHAUSTION OF ADMINISTRATIVE REMEDIES IS REQUIRED BY BLANCHETTE AND HILL IN ORDER FOR THE EEOC TO SEEK RELIEF FOR THEM.

Because the EEOC is a law enforcement agency, the courts have repeatedly held that it may bring an enforcement action for victims of discrimination discovered during the course of a charge investigation, without regard to whether the individuals have themselves filed charges of discrimination. *EEOC v. St. Louis-San Fran. Ry. Co.*, 743 F.2d 739, 743-44 (10th Cir. 1984); *EEOC v. Darden Restaurants, Inc.*, 2016 U.S. Dist. LEXIS 182872, *5 (S. D. Fla. 2016); *EEOC v. v. Unit Drilling Co.*, 4 F. Supp. 3d 1257, 1265 (N.D. Okla. 2013); *See e.g. EEOC v. UPS*, 860 F.2d 372, 374-75 (10th Cir. 1988). Thus, the EEOC may seek relief for both Blanchette and Hill, even though neither filed a charge of discrimination.

Defendants' request that the Court deny relief for Blanchette and Hill because neither filed a charge of discrimination with the EEOC and Defendants' claim they are not otherwise similarly situated to the Intervenors should be rejected. While there are certain pre-suit prerequisites for an EEOC lawsuit, a requirement that a charge of discrimination be filed by every person for whom the EEOC seeks relief is not among them.[3]

EEOC enforcement actions differ from an individual's private cause of action. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002); *General Tel. Co. of NW v. EEOC*, 446 U.S. 318 (1980). Although private plaintiffs are typically bound by the allegations in their charges, the EEOC is not limited to the allegations of a charge and may bring suit for any additional violations it uncovers during the course of its investigation. *See EEOC v. Outback Steak House*,

---

[3] As Judge Krieger correctly recognized in *EEOC v. Original Honeybaked Ham of Ga., Inc.*, prior to filing suit the EEOC is required to (1) have received a formal charge of discrimination; (2) given notice of the charge to the employer; (3) investigated the charge; (4) made and give notice of its determination that there was reasonable cause to believe a violation of Title VII occurred and (5) made a good faith effort to conciliate the charges. 918 F. Supp. 2d 1171, 1176 (D. Colo. 2013) The EEOC complied with each of these requirements (See Doc. Nos. 31, ¶¶ 10 – 16; 51, ¶¶4-5; 51-1, pp. 1-21).

520 F. Supp. 2d 1250, 1262 (D. Colo. 2007) ("[A]lthough private litigants are bound in a significant way by the charges they file with the EEOC, a civil enforcement suit by the EEOC is not closely circumscribed by those charges, because the EEOC, after all, is enforcing the broad rights of the public as a whole, rather than those of a few individuals."); *EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 832-33 (7th Cir. 2005) (EEOC can bring additional claims other than those named in a charge); *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1199-1200 (9th Cir. 2016) (The EEOC may identify additional aggrieved individuals after filing suit). *See also EEOC v. Darden Restaurants, Inc.*, 2016 U.S. Dist. LEXIS 182872, *5 (S. D. Fla. 2016); *Unit Drilling Co.*, 4 F. Supp. 3d at 1265; *UPS*, 860 F.2d at 374-75. The EEOC may seek relief for individuals who have not filed charges because, "Congress has focused in the EEOC the power to investigate and bring actions aimed at seeking a remedy on behalf of all affected persons." *St. Louis-San Francisco Ry. Co.*, 743 F. at 743-44; *Waffle House*, 534 U.S. at 295-96. *See also UPS*, 860 F.2d at 374-75 (although charge-filer settled, EEOC is entitled to pursue action on behalf of other individuals who may have been or will be aggrieved).[4] Thus, under the authority of this district, the EEOC may seek relief for Blanchette and Hill, even though neither filed a charge of discrimination with the EEOC. *St. Louis-San Francisco Ry. Co.*, 743 F.2d at 743-44.

Defendants unsuccessfully attempt to argue that the EEOC is barred from representing Blanchette and Hill under the practice of "piggybacking" recognized in the Tenth Circuit. "Piggybacking" is the term given to situations where individuals who suffered from the same discriminatory conduct or policy but who did not file charges of discrimination within the

---

[4] When EEOC takes action in its own name, the charge-filer retains an unconditional statutory right to intervene in the EEOC's lawsuit, as Intervenors have done here. *See* 42 U.S.C. § 2000e-5(f)(1)); *EEOC v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1199 (D. Colo. 2011) (recognizing unconditional right to intervene).

13

limitations period are permitted to intervene in their own right into a pending suit under the single filing rule. *Theissen v. GE Capital Corp.*, 267 F.3d 1095, 1110-11 (10th Cir. 2001). Whether these claims can be piggybacked is immaterial, since neither of these individuals is seeking, in their own right, to intervene in this suit. Rather, the EEOC is seeking to vindicate their rights in this lawsuit, rendering the single filing rule inapplicable.

But, even if piggybacking were found by the Court to be applicable here to the Blanchette and Hill claims, in view of the nature of their claims, they could be appropriately piggybacked. Hill was employed by Defendants during the same time period as Intervenors and the EEOC's allegations concerning him are similar to those raised by Intervenors, discrimination and retaliation, involving many of the same actors. Although Blanchette is White, he was subjected to retaliation when he opposed Defendants' discriminatory conduct towards Plaintiff-Intervenors Ford and Funchess and subsequently discharged when he refused to discharge them for what he believed were discriminatory reasons. Ford and Funchess filed timely Charges of Discrimination based both on the same discrimination which Blanchette opposed and further claim they were similarly retaliated against for opposing the same discrimination. Where other individuals in this lawsuit claim retaliation of the same or similar types during the same time period as was alleged in the timely filed charges, piggybacking is appropriate. *Thiessen*, 267 F.3d at 1110-11.

## CONCLUSION

The Plaintiffs have demonstrated that their complaints contain sufficient factual allegations establishing they are each entitled to relief on each claim for relief they have asserted. Thus, Defendants' partial motion for dismissal for failure to state a claim should be denied. Additionally, because the EEOC is entitled to seek relief for additional victims of Defendants' unlawful conduct regardless of whether such persons filed charges of discrimination, Defendants' partial motion to dismiss the claims asserted by the EEOC on behalf of Blanchette and Hill likewise must fail. Plaintiffs therefore request the Court deny Defendants' Consolidated Partial Motion to Dismiss the EEOC's Second Amended Complaint and Intervenor Plaintiffs' First Amended Complaint in Intervention in its entirety.

Respectfully submitted,


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

s/Kathy D. Boutchee
Kathy D. Boutchee
Senior Trial Attorney
Houston District Office
1919 Smith St., Suite 600
Houston, Texas 77002
(713) 651-4913
Email: kathy.boutchee@eeoc.gov

Iris Halpern
Michael Imdieke
Trial Attorneys
Denver Field Office
303 E 17th Ave., Suite 410
Denver, CO 80203

**Counsel for Plaintiff EEOC**

s/ Brian T. Moore
Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888
Email: bmoore@jgllp.com

Justin Plaskov
Lynn Feiger
Lohf, Shaiman, Jacobs Hyman & Feiger, PC
950 S. Cherry Street, Suite 900
Denver, CO 80202

**Counsel for Plaintiff-Intervenors**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Christopher J. DeGroff
Gerald L. Maatman
Alex W. Karasik
Andrew L. Scroggins
Christina M. Janice
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603

cdegroff@seyfarth.com
gmaatman@seyfarth.com
akarasik@seyfarth.com
ascroggins@seyfarth.com
cjanice@seyfarth.com

**Attorneys for Defendants**

s/Kathy Boutchee