IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-CV-2472-PAB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

LA'TONYA FORD,
KIMBERLY FUNCHESS,
MARCUS ADAMS,
KENNETH CONLEY,
ALCENA GANNAWAY,
THE ESTATE OF KONTAR TONEE MWAMBA, and
MARIETTA VARGAS, individuals,

    Intervenor Plaintiffs,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY; JACKSON NATIONAL LIFE DISTRIBUTORS LLC; and JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THEIR CONSOLIDATED PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND COMPLAINT IN INTERVENTION

Defendants respectfully submit that this Court should dismiss (1) all discrete claims of discrimination or retaliation that allegedly took place before February 10, 2009 because those claims are untimely; and (2) the claims that the EEOC brought on behalf of Robert Blanchette and George Thomas Minas Hill (who, unlike the Intervenor Plaintiffs, did not file charges of discrimination) because the EEOC did not give Defendants adequate notice of those claims and the opportunity to conciliate.

1

In their Consolidated Response (the "Response"), Plaintiffs contend that they are entitled to litigate untimely claims under the continuing violation doctrine. This does not justify Plaintiffs' claims, for even if the continuing violation exception applies *under certain circumstances*, those circumstances are not present here. The continuing violation exception does not apply to discrete, actionable allegations that took place outside the limitations period. Plaintiffs have raised several such independent allegations in their respective pleadings, and those allegations must be dismissed.

Similarly, Plaintiffs contend that the EEOC can pursue claims on behalf of individuals who have not filed the required administrative charges if their claims arose out of the EEOC's investigation. Once again, Plaintiffs wrongly focus on a discussion of the legal theory, but do not persuasively demonstrate that this theory applies to the facts that Plaintiffs have articulated in their pleadings. Notwithstanding the limited "piggyback" exception, the EEOC may only bring claims on behalf of those who did not meet threshold administrative requirements if the EEOC provides the employer adequate notice and an opportunity to conciliate those claims. The EEOC did not do so here, nor did it plead that it did. Accordingly, those claims also must be dismissed.

## ARGUMENT

I. **THE THEORIES PROPOSED IN PLAINTIFFS' RESPONSE DO NOT SAVE THEIR UNTIMELY CLAIMS.**

    A. **The "Continuing Violation Doctrine" Does Not Save Claims Based On Allegations Before February 10, 2009 Because Those Claims Were Discrete And Independently Actionable**

Plaintiffs contend that they can salvage their untimely claims simply by simply characterizing their discrete allegations as part of a longstanding hostile environment. The law does not give parties such broad leeway to circumvent existing statutes of limitations. Although the continuing violation doctrine theoretically can apply to otherwise untimely claims, the

2

doctrine is limited, even for hostile work environment claims. The doctrine does not offer a "do over" for untimely claims that were actionable on their own, as is the case here. Plaintiffs' Response does not even acknowledge this limitation, which is fatal to their theory.

Plaintiffs must comply with applicable statutes of limitations. As the Supreme Court has determined, the Title VII statute of limitations is designed to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 125 (2002) (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)). The continuing violation doctrine is a narrow exception to this rule, applying only "where an individual act cannot be made the subject of a lawsuit when it occurs" because 'its character as a violation did not become clear until it was repeated during the limitations period." *Stepney v. Naperville School Dist.*, 392 F.3d 236, 240 (7th Cir. 2004). When an alleged act is actionable on its own, the continuing violation doctrine does not apply. *See Florez v. McCormac*, 10-CV-01628, 2011 WL 3349846, at *3 (D. Col. Aug. 3, 2011) ("[T]he doctrine does not apply to claims arising from 'discrete acts' whose occurrence and consequences are readily identifiable; it is available only in situations where the claim arises from a pattern of connected acts, occurring over a period of time, each of which might not be separately actionable on its own."). Although the narrow exception may apply to allegations that support hostile work environment claims, discrete acts of alleged harassment that are actionable on their own cannot be saved from an untimeliness defense merely by saying that they are part of some general hostile work environment claim. *See Ferguson v. Snow*, 185 Fed. Appx. 456, 462-63 (6th Cir. 2006) (refusing to consider a series of instances of non-promotion as part of a continuing hostile work environment violation because they were discrete acts); *Biddle v.*

3

*Grandview Hosp.*, No. 14-06614, 2015 WL 1293211, at *3 (E.D. Pa. Mar. 20, 2015) (granting motion to dismiss plaintiff's hostile work environment claim and finding that plaintiff's claims that the defendant threatened him and questioned his motives for bringing a complaint "cannot be aggregated into the hostile work environment claim under the continuing violation theory" because the claims related to discrete, actionable events); *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (refusing to toll limitations period for allegations of denial of promotion, assignment of excessive work, and failure to invite the plaintiff's family to an award ceremony because "discrete acts . . . cannot be aggregated under a continuing violation theory").[1]

Plaintiffs attempt to evade Title VII's 300-day limitations period by arguing that all of their untimely claims are part of an overall hostile work environment. Allowing Plaintiffs to aggregate claims in such an indiscriminate manner would render the limitations period meaningless – any plaintiff could save an untimely Title VII claim simply by characterizing it as part of a hostile work environment. This is illogical and improper, for "[t]he continuing violation doctrine does not provide an avenue for circumventing" limitations periods, as Plaintiffs are trying to do here. *Stepney*, 392 F.3d at 240.

Here, Plaintiffs have raised claims arising more than 300 days before the filing of the first charge of discrimination that are discrete and actionable. These include:

- Closing an entire office in 2007 and stating that the reason was because the applicant pool was "too black" (In. Compl. ¶ 23);

---

[1] Plaintiffs state that under *Boyer v. Cordant Techs., Inc.,* 316 F.3d 1137 (10th Cir. 2003), "the Tenth Circuit unequivocally rejected attempts to limit relief to the filing period in a hostile work environment." (Pls. Resp. at 7.) Defendants do not dispute that the continuing violation doctrine *may* apply to some hostile work environment claims in certain circumstances. However, it does not apply to discrete, actionable acts that a plaintiff attempts to aggregate into hostile work environment claims, a point that the Tenth Circuit did not address in *Boyer*.

4

38380066v.4

- Giving the Wholesaler of the Quarter award to a White employee in 2008 instead of Intervenor Plaintiff Ford even though Ford was allegedly the number one performing wholesaler for the quarter (*Id.* ¶ 37); and

- Rejecting Intervenor Plaintiff Gannaway's application for a promotion on four separate occasions in favor of White employees in 2008 (SAC ¶¶ 220-222).

Plaintiffs use the "death by a thousand cuts" analogy to argue that these claims were merely "component acts" of a general hostile work environment. (Pls. Resp. at 8-9.) But the "thousand cuts" claims are not presented by Plaintiffs' own pleadings as veiled actions or slights that could not be identified as actionable at the time they occurred – instead, they are plead as identifiable discriminatory acts that could have and, by law, should have been raised within the proper time period. They cannot now be rolled into Plaintiffs' hostile work environment claim as the courts found in *O'Connor*, *Ferguson*, and *Biddle*. Accordingly, all discrete claims of discrimination or retaliation that are alleged to have taken place more than 300 days before December 7, 2009 – the date when the first charge of discrimination was filed against Defendants with the EEOC – should be dismissed as untimely.

  **B.**  **Plaintiffs Must Provide The Dates Or Temporal Context Of Their Claims To Show That They Are Entitled To Relief**

For many of their claims, Plaintiffs do not provide dates or even a temporal context necessary to establish that their claims are timely. (Def. Mot. at 9-10.) Plaintiffs respond that their failure to do so is acceptable because they are not required to state their allegations with particularity under Fed. R. Civ. P. 9(b). (Pls. Resp. at 9-10.) This is not on point, for Rule 9(b) has nothing to do with Plaintiffs' obligation to provide dates or a temporal context. Rather, Plaintiffs must do so to comply with general pleading standards. *See* Fed. R. Civ. P. 8(a) (pleadings must "show[] that the pleader is entitled to relief"). The plaintiffs' failure to show that they were entitled to relief was the reason for the dismissal of claims that did not include sufficient dates or temporal context in *Mitchell* and *DD*, discussed in Defendants' initial brief

5

(Pls. Resp. at 9-10). *See Mitchell v. Geo Group, Inc.*, No. 05-CV-00197, 2005 WL 1489658, at *6 (D. Colo. June 23, 2005) (dismissing retaliation claim because plaintiff did not provide the dates of the adverse actions to show that they were within the 300-day Title VII statute of limitations); *DD v. Lincoln Hall*, No. 09-CIV-860, 2010 WL 695027, at *5 (S.D.N.Y. Feb. 19, 2010) (dismissing sex discrimination claim because plaintiff did not provide dates to show that the discriminatory acts took place within the 300-day Title VII limitation period).[2]

Plaintiffs' claims are based largely on allegations without a date or any temporal context. (Def. Mot. at 9-10.)  Rather than re-pleading those allegations with the proper temporal context in their Amended Complaint, Plaintiffs instead ask Defendants and the Court to accept the allegations as "close enough" to the pleading standards.  Close is not enough. Plaintiffs do not show that they are entitled to relief, and these vague claims must be dismissed as they were in *Mitchell* and *DD*.

### C. Plaintiffs Have Not Brought Their Untimely Claims Merely As "Background Evidence"

Plaintiffs also assert that their untimely allegations should not be dismissed because they serve as "background evidence" in support of timely claims.  (Pls. Resp. at 11.)  That assertion is disingenuous.  Plaintiffs have not brought claims from before February 10, 2009 merely as

---

[2] Plaintiffs' attempts to distinguish *Mitchell* and *DD* are off point.  For *Mitchell*, Plaintiffs point out that the Court dismissed the plaintiff's retaliation claim because she failed to plead facts that made her allegation of retaliatory intent plausible.  (Pls. Resp. at 10.)  While this is true, the Court also pointed out that the claim was subject to dismissal because the plaintiff failed to plead dates to show that the claim was timely.  *Mitchell*, 2005 WL 1489658, at *6.  Thus, Plaintiffs do not refute the necessity of providing dates or temporal context to establish that claims are timely. For *DD*, Plaintiffs argue that the authority is "unavailing" because the court dismissed the plaintiff's sex discrimination claim "for the simple reason that she had not alleged that any action taken by the employer within the 300-day period was motivated by gender bias."  (Pls. Resp. at 10.)  That is exactly the point. Plaintiffs are required to allege that the allegedly unlawful actions took place within the limitations period.  They have not done so for many of their claims. Accordingly, any such claims should be dismissed.

38380066v.4

"background evidence." Rather, they allege that they were subject to a hostile work environment "[t]hroughout the course of their employment," which pre-dates February 10, 2009 for all of the Intervening Plaintiffs. ((In. Compl. ¶¶ 56, 63); *see also* Pls. Resp. at 5-6 ("In this case, Plaintiffs allege that defendants created and maintained a racially and sex-based hostile work environment . . . beginning by 2007 and continuing, at a minimum, throughout the employment of the Aggrieved Individuals.").) It is clear from the face of their allegations that the pre-2009 allegations are an integral part of Plaintiffs' hostile environment claim. Plaintiffs cannot evade the consequences of their untimeliness by repackaging those allegations as "background evidence." Notably, Plaintiffs do not waive their purported entitlement to relief for the consequences of these untimely "background" allegations. Accordingly, those allegations are not merely "background evidence" and must be dismissed.

## II. PLAINTIFFS' RESPONSE DOES NOT SAVE THE CLAIMS BROUGHT ON BEHALF OF BLANCHETTE AND HILL BECAUSE THE EEOC DID NOT GIVE ADEQUATE NOTICE OF THOSE CLAIMS

The EEOC did not go through the mandated administrative prerequisites before bringing claims on behalf of Robert Blanchette and George Thomas Minas Hill. Although the EEOC can arguably bring an enforcement action on behalf of individuals who have not filed a charge of discrimination, as the EEOC itself concedes in its Response, its ability to do so is strictly limited.

The EEOC cannot bring claims on behalf of individuals who have not filed charges unless it previously gave the employer "adequate notice" in its reasonable cause determination that such claims could be forthcoming and an opportunity to conciliate those claims. *See EEOC v. Outback Steak House of Florida, Inc.*, 520 F. Supp. 2d 1250, 1263 (D. Colo. 2007) (dismissing EEOC's claims that were not part of original charge, finding that, although EEOC is not bound to the specifics of its original charge, "the EEOC must give adequate notice to the defendant-employer of the charges against it [in its determination letter], as well as the opportunity to

7

resolve all charges through conciliation"). Notice to the employer that the EEOC may bring the new claims must be clear and unmistakable: although this Court previously allowed the EEOC to bring an enforcement action on behalf of an individual who had not filed a charge of discrimination, it did so only based on its finding that the individual's claim was "**identical**" (emphasis in decision) to the claims of the individuals who had brought charges. *See EEOC v. Jetstream Ground Services, Inc.*, 134 F. Supp. 3d 1298, 1329 (D. Colo. 2015) ("her claims were **identical** to the Intervenors' claims"). In short, the EEOC can bring claims on behalf of individuals who have not brought charges only if they give unmistakable notice in the determination letter that those specific claims might be forthcoming as well as a chance to conciliate those claims.

Those conditions precedent are not present here. As far as class-like charges (recognizing, however, that the EEOC cannot bring class actions *per se*), the EEOC's determination letter says only that Defendants retaliated against the charging parties (*i.e.*, Ford, Funchess, Adams, Conley, Gannaway, Mwamba, and Vargas) and other allegedly injured persons "for engaging in protected activity under Title VII." (ECF No. 51-1.)[3] The EEOC alleged that Jackson retaliated against the charging parties for filing charges by terminating their employment or constructively discharging them (SAC ¶¶ 81, 92, 104, 106, 119, 125, 154, 156, 172, 184, 213, 216, and 224.) The claims against Blanchette and Hill are demonstrably different. For Blanchette, the EEOC alleges that he was fired because he failed to terminate the employment of Intervenor Plaintiff Ford. (*Id.* ¶¶ 267-270.) For Hill, the EEOC alleges that he was discharged for coaching an advisor studying to take a certification exam that the advisor

---

[3] The EEOC also refers to allegedly unlawful "pattern or practice" actions in its determination. (ECF No. 51-1.) However, the EEOC represented to this Court during the February 8, 2017 scheduling conference that it is not pursuing pattern or practice claims. (Def. Mot. at 3 n.2.)

8

previously had failed. (*Id*. ¶¶ 248-249.) These are not "identical" to the charging parties' claims that Jackson retaliated against them for bringing charges of discrimination. They are different claims with different fact patterns and different legal standards. The EEOC did not provide "adequate notice" to Jackson in its determination that it might bring these types of claims on behalf of unnamed individuals. Nor did the EEOC give Jackson the opportunity to conciliate these claims. Indeed, Jackson did not become aware that it was facing allegations made by Blanchette and Hill until it first saw the EEOC's Complaint. Because the EEOC waited until it filed this case to raise these new and unique allegations for the first time, the EEOC cannot bring those claims now.

## CONCLUSION

For the reasons set forth in this Reply and in Defendants' initial Consolidated Partial Motion To Dismiss, Defendants respectfully request that the Court enter an Order dismissing from the Plaintiffs' Second Amended Complaint and the Complaint in Intervention (1) all discrete claims of discrimination or retaliation that are alleged to have taken place more than 300 days before December 7, 2009 -- the date when the first charge of discrimination was filed against Defendants; and (2) all discrete claims of discrimination or retaliation for which the EEOC or Intervenor Plaintiffs have not alleged a date or provided temporal context to show that they are timely. Defendants also respectfully move the Court to dismiss claims brought by the EEOC on behalf of Robert Blanchette and George Thomas Minas Hill because the EEOC did not give adequate notice of those claims. The Court should also award such other relief as the Court deems just and proper. Defendants further request that the Court grant Defendants leave of ten (10) days after the Court issues its ruling on Defendants' motion, in which to answer the Second Amended Complaint and Complaint in Intervention or such of their claims as survive the motion.

9

DATED: April 7, 2017                          *s/ Gerald L. Maatman, Jr.*
                                                    Gerald L. Maatman, Jr.
                                                    Christopher J. DeGroff
                                                    Christina M. Janice
                                                    Andrew L. Scroggins
                                                    Alex W. Karasik
                                                    SEYFARTH SHAW LLP
                                                    131 South Dearborn Street, Suite 2400
                                                    Chicago, IL  60603-5577
                                                    Telephone:  (312) 460-5000
                                                    Facsimile:  (312) 460-7000
                                                    E-mail:   gmaatman@seyfarth.com
                                                                    cdegroff@seyfarth.com
                                                                    cjanice@seyfarth.com
                                                                    ascroggins@seyfarth.com
                                                                    akarasik@seyfarth.com

                                                  Attorney for Defendants Jackson National Life
                                                  Insurance Company, Jackson National Life
                                                  Distributors LLC, and Jackson National Life
                                                  Insurance Company of New York

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2017, I caused a true and correct copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF CONSOLIDATED PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND COMPLAINT IN INTERVENTION to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Michael Holm Imdieke
Lead Attorney
Iris Halpern
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO 80203
Ph:     303-866-1374
Fax:    303-866-1375
Email:  Michael.imdieke@eeoc.gov
Email:  iris.halpern@eeoc.gov

*Attorneys for Plaintiff*

Justin Michael Plaskov
Lynn D. Feiger
Lohf Shaiman Jacobs Hyman & Feiger PC
950 South Cherry Street, Suite 900
Denver, CO 80246
Ph:   303-753-9000
Fax:  303-753-9997
Email: jplaskov@lohfshaiman.com
Email: lfeiger@lohfshaiman.com

Brian Thomas Moore
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
303-377-7888
Email;bmoore@jgllp.com

*Attorneys for Intervenor Plaintiffs*

*/s/ Gerald L. Maatman, Jr.*
   Gerald L. Maatman, Jr.*

38380066v.4