**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02472-PAB-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and,

LA'TONYA FORD, KIMBERLY FUNCHESS, MARCUS ADAMS, KENNETH CONLEY,
ALCENA GANNAWAY, THE ESTATE OF KONTAR TONEE MWAMBA, and
MARIETTA VARGAS,

Intervenor Plaintiffs,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, and
JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,

Defendant.

---

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

---

After a lengthy but ultimately successful four-day mediation, the EEOC, all
Intervenor Plaintiffs except La'Tonya Ford, and all Defendants (the parties to this
motion, collectively, "Moving Parties") have resolved all the claims in this action, except
Ms. Ford's individual claims under Title VII. Accordingly, the Moving Parties jointly move
the Court to adopt and enter the attached Consent Decree. Upon entry, the Consent
Decree will resolve all of the EEOC's claims and all claims by the Intervenor Plaintiffs
except for Ms. Ford. As described below, the Parties to this Motion agree that Ms. Ford
may proceed with her individual claims against the Defendants.

In support of this Motion, the Moving Parties submit the following:

1. **Certification of Compliance with D.C.COLO.LCivR 7.1(a)**: The EEOC has conferred with Intervenor Plaintiff La'Tonya Ford and Ms. Ford opposes this Motion.

2. Intervenor Plaintiffs Marcus Adams, Kenneth Conley, Kimberly Funchess, Alcena Gannaway, Kontar Mwamba, and Marietta Vargas filed Charges of Discrimination with the EEOC. Their charges included EEOC Charge Nos. 541-2011-00482, 541-2010-02079, 541-2010-01155, 541-2011-00478, 541-2010-00646, 541-2010-446, 541-2010-00838, 541-2010-00623, and 541-2011-00483.

3. Ms. Ford, who does not join this motion, also filed Charges of Discrimination with the EEOC.  Ms. Ford's charges are EEOC Charge Nos. 541-2010-00320, 541-2010-01660, 541-2010-02476, and 541-2011-00474.

4. Based on the charges filed by Mr. Adams, Mr. Conley, Ms. Ford, Ms. Funchess, Mr. Gannaway, Mr. Mwamba, and Ms. Vargas, the EEOC initiated this action against Defendants in September 2016, asserting the charges listed above served as the jurisdictional basis for the EEOC's lawsuit. (*See* ECF No.1, Complaint, & ECF No. 31, Second Am. Compl., ¶¶ 10-16.)

5. On December 1, 2016, Mr. Adams, Mr. Conley, Ms. Ford, Ms. Funchess, Mr. Gannaway, the Estate of Mr. Mwamba, and Ms. Vargas, filed a Motion to Intervene in the EEOC's lawsuit. (ECF No. 9.) In their First Amended Complaint in Intervention, Intervenor Plaintiffs alleged discrimination and retaliation in violation of Title VII. (*See* ECF No. 51.)

6. The Court granted the Motion to Intervene on January 9, 2017. (*See* ECF No. 20.)

7.  The litigation proceeded through extensive discovery, after which the parties agreed to attend a four-day mediation from October 28-31, 2019 with Martin F. Scheinman of Scheinman Arbitration and Mediation Services. As a result of the mediation and subsequent continued negotiations, the Moving Parties have reached agreement on all terms of the Consent Decree, including the monetary, injunctive, and equitable terms.

8.  The Moving Parties agree that all claims and issues in this litigation, except Ms. Ford's individual claims under Title VII, are resolved by the Consent Decree, including all of the EEOC's and the remaining Intervenor Plaintiffs' claims for monetary, injunctive, and equitable relief.

9.  The proposed Consent Decree has been signed by the EEOC and its counsel, Intervenor Plaintiffs' (except Ms. Ford) counsel, and Defendants' CEO and Defendants' counsel.

10. The Moving Parties stipulate that the resolution set forth in the attached Consent Decree reflects the entirety of the negotiated resolution of all claims among the Moving Parties in the Litigation; is fair, reasonable, and equitable; is not a product of collusion; and does not violate the public interest.

11. Intervenor Plaintiff La'Tonya Ford's individual claims alleging discrimination and retaliation in violation of Title VII are not included in the resolution reflected in the proposed Consent Decree.

12. During the mediation and after, Defendants offered two monetary settlements as to Ms. Ford that were acceptable to the EEOC, but were not acceptable to Ms. Ford, and which Ms. Ford rejected. As a result, the EEOC will no longer

prosecute the case on behalf of Ms. Ford. The EEOC informed Ms. Ford in writing twice that both Defendants' offers were acceptable to the EEOC. The EEOC also informed Ms. Ford in writing that it would not prosecute this case on her behalf because she had rejected two reasonable offers by Defendants.

13. The Parties to this Motion agree that Ms. Ford's individual claims arising out of Charge of Discrimination Nos. 541-2010-00320, 541-2010-01660, 541-2010-02476, and 541-2011-00475, and asserted in the First Amended Complaint in Intervention are not resolved by the attached proposed Consent Decree.

14. The Moving Parties agree that Ms. Ford can individually prosecute her employment discrimination claims against Defendants under Title VII as asserted in the First Amended Complaint in Intervention (ECF No. 51) before this Court, and that Ms. Ford retains all claims and rights she had prior to entry of the proposed Consent Decree.

15. The Moving Parties agree that nothing in the proposed Consent Decree, including the resolution of the EEOC's claims and/or the other Intervenor Plaintiffs' claims, provides a basis for Defendants to challenge Ms. Ford's ability to maintain or continue her claims asserted in the First Amended Complaint in Intervention before this Court, on grounds that she failed to fulfill any condition precedent to suit, including the request or receipt of a notice of right to sue.

16. The Moving Parties agree that nothing in the proposed Consent Decree, including the resolution of the EEOC's claims and/or the claims of the other Intervenor Plaintiffs, provides a basis for applying the doctrines of claim and issue preclusion or merger to the claims asserted in the EEOC's Second

Amended Complaint seeking relief for Ms. Ford (ECF No. 31) or to Ms. Ford's claims in the First Amended Complaint in Intervention before this Court.

17. On November 6, 2019, counsel for Intervenor Plaintiff Ford moved to withdraw as counsel of record for Ms. Ford. (ECF Nos. 166 & 167.) The Court granted the motion on November 13, 2019 and terminated Intervenor Plaintiffs' counsel as counsel of record for Ms. Ford. (ECF No. 169.)

18. The Parties to this Motion stipulate that except as otherwise provided in the Consent Decree, the Moving Parties will each bear their own attorney fees and costs.

19. Upon entry of the proposed Consent Decree as an Order of the Court, the Moving Parties stipulate that this Court shall retain jurisdiction over this matter during the four-year term of the Consent Decree. Under its terms, the Consent Decree shall expire without further action by the Moving Parties or the Court.

WHEREFORE, the Parties to this motion respectfully request that the Court sign and enter the proposed Consent Decree.

Respectfully submitted on December 4, 2019.

| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **JACKSON NATIONAL LIFE INSURANCE COMPANY, JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, & JACKSON NATION LIFE INSURANCE COMPANY OF NEW YORK** |
|---|---|
| *s/ Michael Imdieke*<br>Michael Imdieke<br>Trial Attorney<br>303 E. 17th Avenue, Suite 410<br>Denver, Colorado 80203<br>(303) 866-1320<br>michael.imdieke@eeoc.gov | *s/ Gerald L. Maatman, Jr.*<br>Gerald L. Maatman, Jr.<br>Christopher J. DeGmiroff<br>Christina M. Janice<br>Andrew L. Scroggins<br>Alex W. Karasik<br>SEYFARTH SHAW LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, IL 60606 |
| Loretta Medina<br>Supervisory Trial Attorney<br>EEOC Albuquerque Area Office | |

505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102
(505) 738-6732
loretta.medina@eeoc.gov

***Attorneys for Plaintiff EEOC***

s/ Lynn D. Feiger
Lynn D. Feiger
Justin M. Plaskov
LOHF SHAIMAN JACOBS HYMAN &
FEIGER, PC
950 S. Cherry St., Suite 900
Denver, CO 80246
lfeiger@lohfshaiman.com
jplaskov@lohfshaiman.com

Brian T. Moore
JESTER GIBSON & MOORE, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888
bmoore@jgllp.com

***Attorneys for Plaintiff Intervenors***

Telephone: (312) 460-5000
gmaatman@seyfarth.com
cdegroff@seyfarth.com
cjanice@seyfarth.com
ascroggins@seyfarth.com
akarasik@seyfarth.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

Pursuant to D.C.COLO.LCivR 5.1(d), "the Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certification of service."

The EEOC further states that on December 4, 2019, it served a copy of this motion via email and U.S. Postal Service on Intervenor Plaintiff La'Tonya Ford as follows:

> La'Tonya Ford
> 4062 Peachtree Road NE, Unit A153
> Brookhaven, Georgia 30319
> latonya.ford@icloud.com

*s/ Mike Imdieke*
EEOC Trial Attorney