# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02472-PAB-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, and
JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,

Defendant.

---

## CONSENT DECREE

---

## I.  RECITALS

The Equal Employment Opportunity Commission ("Commission" or "EEOC"), an agency of the United States government, filed the above-captioned lawsuit ("Litigation") against Defendants Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York (hereinafter "Defendants"), alleging that Defendants engaged in unlawful discrimination by (a) denying promotions, affording less favorable terms and conditions of employment, paying disparate compensation, discharging or constructively discharging employees because of race, African-American, and/or color, Black, and tolerating a work environment that was hostile because of race, African-American, and/or color, Black; (b) denying promotions, affording less favorable terms and conditions of employment, paying disparate compensation, and discharging or constructively

1

discharging employees because of their sex, female, and creating and tolerating a sexually hostile work environment; (c) denying promotions, affording less favorable terms and conditions of employment, paying disparate compensation, discharging or constructively discharging employees because of national origin, including Ethiopian and Cape Verdean, and tolerating a work environment that was hostile because of national origin, including Ethiopian and Cape Verdean; and (d) retaliating against employees who filed charges of discrimination and/or opposed what they reasonably and in good faith believed were unlawful discriminatory employment practices because of sex, race, color, and/or national origin.

1.      The Parties to this Consent Decree ("Decree") are the Plaintiff EEOC; Plaintiffs-Intervenors Marcus Adams, Kenneth Conley, Kimberly Funchess, Alcena Gannaway, Estate of Kontar Mwamba, Marietta Vargas (formerly Marietta Silva); and the Defendants Jackson National Life Insurance Company, Jackson National Life Distributors, LLC ("JNLD"), and Jackson National Life Insurance Company of New York (hereinafter "Defendants").

2.      Defendants have denied all allegations of discrimination, retaliation and wrongdoing of any kind against them in the Litigation. No findings of liability or wrongdoing as to Defendants or any of them have been found in the Litigation.

3.      The Parties, desiring to settle this action by an appropriate Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter this Decree enforceable against the

Parties. The Parties agree that this Decree is fair, reasonable, and does not violate the law or public policy.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  SCOPE

7.      **Term:**  The duration of this Decree shall be four (4) years from the date of signing by the Court. This Decree shall become effective on the date the signed Decree is entered into the Court's Docket ("Effective Date").

8.      **Scope:** Unless otherwise specifically provided, the terms of this Decree shall apply to Defendants' JNLD facilities and operations, including any successor facilities and operations, and all Human Resources personnel, all management personnel, and supervisory personnel supporting the Defendants' JNLD facilities and operations.

## IV.  ISSUES RESOLVED

**9.**      This Decree resolves the claims alleged in the above-captioned lawsuit, and

constitutes a complete resolution of all of the Commission's and Plaintiff-Intervenors'

claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.* that arise from Charge of Discrimination Nos. 541-2011-

00482, 541-2010-02079, 541-2010-01155, 541-2011-00478, 541-2010-00646, 541-

2010-446, 541-2010-00838, 541-2010-00623, 541-2011-00483, 541-2017-01266 filed

by Intervenor-Plaintiffs Marcus Adams, Kenneth Conley, Kimberly Funchess, Alcena

Gannaway, (Estate of) Kontar Mwamba, Marietta Vargas, and Aggrieved Individual

Nathaniel Poole. This Decree further resolves claims of Chuwanda Thigpen, asserted in

Charge of Discrimination Nos. 471-2017-01891 and 471-2017-02299.

**10.**     The Parties to this Consent Decree agree that the claims of Intervenor Plaintiff

LaTonya Ford arising out of Charges of Discrimination Nos. 541-2010-00320, 541-

2010-01660, 541-2010-02476, and 541-2011-00475 and as asserted in the First

Amended Complaint in Intervention (ECF No. 51) are not resolved through this Consent

Decree. The Parties to this Consent Decree agree that Ms. Ford can individually

prosecute her employment discrimination claims against Defendant under Title VII as

asserted in the First Amended Complaint in Intervention (ECF No. 51) and that Ms. Ford

retains the same claims and rights she had prior to entry of the Consent Decree.

**11.**     The parties agree that nothing in this Consent Decree, including the resolution of

the EEOC's claims and/or the other Plaintiff Intervenors' claims, provides any basis for

Defendants to challenge Ms. Ford's ability to maintain or continue her claims as

asserted in the First Amended Complaint in Intervention before this Court, on grounds that she failed to fulfill any condition precedent to suit, including the request or receipt of a notice of right to sue.

**12.**     The parties to this Consent Decree agree that nothing in this Consent Decree, including the resolution of the EEOC's claims and/or the other Plaintiff Intervenors' claims, provides a basis for applying the doctrines of claim and issue preclusion or merger to the claims asserted in the EEOC's Second Amended Complaint seeking relief for Ms. Ford or to Ms. Ford's claims in the First Amended Complaint in Intervention before this Court.

**13.**     Defendants and their officers, agents, employees, and successors will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

**14.**     Defendants shall pay twenty million and five hundred thousand dollars ($20,500,000.00) to resolve all monetary issues in the Litigation, except claims described in Paragraph 10 above.

**15.**     Defendants will not condition the receipt of individual relief upon Marcus Adams, Kenneth Conley, Kimberly Funchess, Alcena Gannaway, Estate of Kontar Mwamba, Marietta Vargas or any other Aggrieved Individuals' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any facilities owned or operated by Jackson

National Life Insurance Company, Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York.

**16.**     Defendants shall pay a total of $20,500,000.00 to be allocated in the sole discretion of the EEOC, in consultation with Plaintiffs-Intervenors, as indicated in a Distribution List to be provided by EEOC to Defendants within thirty (30) calendar days of the Effective Date of this Decree. The EEOC will send Defendants the Distribution List, which will list the amounts to be paid to the six Plaintiff Intervenors; Charging Party Chuwanda Thigpen; Plaintiff Intervenors' and Ms. Thigpen's counsel; and the fourteen (14) Aggrieved Individuals for whom the EEOC seeks relief. The Distribution List will also designate the amounts to be paid as back pay, compensatory damages, attorney fees, and costs to Plaintiffs-Intervenors' counsel. Payments designated back pay shall be reported on IRS Form W-2. Defendants shall be responsible for paying their share of payroll taxes for back pay and, in accordance with either a newly submitted W-4 or the most recent W-4 on file with Defendants, withholding applicable payroll taxes owed by the Plaintiffs-Intervenors or Aggrieved Individuals. Payments designated as compensatory damages and attorney fees and costs shall be reported on IRS Form 1099 by Defendants and shall not be subject to withholding.

**17.**     Within thirty (30) calendar days of the Effective Date of this Decree, EEOC and Plaintiffs-Intervenors' counsel will provide to Defendants copies of the Release in the form of Exhibit A executed by the Plaintiffs-Intervenors, Ms. Thigpen, and the other Aggrieved Individuals receiving monetary payment under this Consent Decree.

18.      The payments required under this Decree shall be mailed by the Defendants to the payees on the Distribution List within twenty (20) calendar days after receipt of the EEOC's Distribution List and executed Releases. Payments will be mailed by the Defendants to the addresses provided by the EEOC.

19.      Within five (5) business days after payments are mailed to payees, Defendants shall submit to EEOC copies of the checks issued.

## VI.      EQUITABLE AND INDIVIDUAL RELIEF

20.      Within sixty (60) calendar days of the Effective Date, Defendants shall expunge from Marcus Adams, Kenneth Conley, Kimberly Funchess, Alcena Gannaway, Kontar Mwamba, Marietta Vargas and any other Aggrieved Individual's official personnel files and any HRIS electronic records (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to their participation in this action; and (c) any and all documents that reflect performance deficiencies documented after the Charging Parties' filed a charge of discrimination.

21.      Within sixty (60) calendar days of the Effective Date, for each Charging Party and Aggrieved Individual whose termination was a subject of this lawsuit, Defendants shall expunge the termination from the Charging Party's or Aggrieved Individual's official personnel file and any HRIS electronic records. Defendants shall ensure that all of Defendants' records reflect that each Charging Party or Aggrieved Individual voluntarily resigned from his/her employment.

22.     For the duration of this Decree, in the event Defendants receive an employment inquiry directly from another employer with respect to any Charging Party or Aggrieved Individual, Defendants shall refer such inquiries to the Internal Compliance Monitor described below, who will provide only dates of employment and last position.

23.     For Kimberly Funchess and Robert Blanchette whose terminations were the subject of this lawsuit, within sixty (60) calendar days of the Effective Date, Defendants shall file with Financial Industry Regulatory Authority (FINRA) an Amendment Form U5 converting the reason for their termination to "voluntarily resigned."

### A.     Injunctive Relief

24.     Defendants, their officers, agents, and successors are enjoined from engaging in any employment practice which discriminates on the basis race, color, sex, and national origin, including creating or tolerating a hostile work environment based on race, color, sex, and/or national origin, compensation discrimination, discrimination in promotion, and discrimination in other terms or conditions of employment.

25.     Defendants, their officers, agents, and successors are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended.  Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or

participates in the investigation or prosecution of an alleged violation of these statutes. Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.      Internal Compliance Monitor and Independent Consultant

26.     **Internal Compliance Monitor**: Within thirty (30) calendar days of the Effective Date, Defendants shall designate Amanda Garcia-Williams of the Jackson Law Department as the Internal Compliance Monitor ("ICM"). The ICM will be responsible for overseeing Defendants' responsibilities pursuant to this Decree and will report to the General Counsel of the Defendants and to the EEOC as required by this Decree with respect to Defendants' compliance with this Decree for the duration of the Decree. In the event the ICM's employment with Jackson's Law Department ends before the expiration of the Decree, Defendants will, within thirty (30) calendar days after the end of the ICM's employment, appoint a qualified replacement ICM from Jackson's Law Department.

27.     **Independent Consultant:** Within thirty (30) calendar days of the entry of this Decree, Defendants shall retain an outside consultant ("Independent Consultant"), who is not employed by or otherwise associated with Defendants. The Independent Consultant shall have substantial experience in employment discrimination law. The Independent Consultant will be selected by Defendants, subject to the EEOC's approval. In the event the EEOC and Defendants cannot agree upon an Independent

Consultant within thirty (30) calendar days after entry of this Decree, the EEOC will provide Defendants with a list of at least three candidates, from which Defendant shall select the Independent Consultant.

28.    **Replacement of Independent Consultant:** In the event the Independent Consultant is unable or unwilling to continue to serve in the role, Defendants shall select a new Independent Consultant, subject to the EEOC's approval.  If Defendants and the EEOC cannot agree upon an Independent Consultant within thirty (30) calendar days after notice of the need to replace the Independent Consultant, the EEOC will provide Defendants will a list of at least three replacement candidates, from which Defendant shall select the Independent Consultant.

29.    **Compensation of Independent Consultant:** Defendants shall compensate the Independent Consultant at an agreed-upon rate and shall reimburse the Independent Consultant's reasonable expenses.  Defendants shall also pay all reasonable costs necessary to fulfill the Independent Consultant's work.

30.    **Cooperation:** The Independent Consultant shall, to the maximum extent practicable and consistent with the Consultant's obligations, work cooperatively with Defendants so as to not unduly interfere with Defendants' operations. Defendants agrees to cooperate with the Consultant, to the maximum extent practicable.

31.    **Access to Information:** The Consultant shall have access to relevant documents, and other sources of information necessary to fulfill his or her duties under this Decree. The Consultant shall have access to review all non-privileged records

maintained by Defendants relating to the implementation or administration of this Consent Decree.

32.     **Duties of Independent Consultant:** During the term of this Decree, the Independent Consultant will have the following responsibilities:

32.1.   **Review of Promotion Practices:** Within one hundred twenty (120) calendar days of retention, the Independent Consultant will review Defendants' promotional policies, procedures, practices, qualifications, and criteria for the positions of Internal Wholesaler II and III (IWII and IWIII), Business Development Consultant (BDC), Desk Director (DD), and External Wholesaler (EW). The Independent Consultant will recommend changes to the ICM to ensure that Defendants' promotional policies, procedures, practices, and criteria are transparent, objective, and equitable, and do not discriminate because of race or sex. Such review shall include, without limitation: (1) all policies, procedures, practices, qualifications, and criteria for determining whether applicants or employees are eligible to be considered for IWII, IWIII, BDC, DD, and EW positions; (2) all policies, procedures, and practices for recruiting, job postings, job applications, and placement of IWII, IWIII, BDC, DD, and EW positions; (3) all policies, procedures, practices, qualifications, and criteria for selecting candidates to interview for IWII, IWIII, BDC, DD, and EW positions; and (4) all policies, procedures, practices, and criteria for

selecting candidates to be hired or promoted into IWII, IWIII, BDC, DD, and EW positions.

**32.2.   Review of Placement and Promotion Data:** Within twelve (12) months of retention of the Independent Consultant, and annually thereafter for the remainder of the Decree, the Independent Consultant will review and analyze appropriate data, decisions, and documents relating to placement decisions to IWII, IWIII, BDC, DD, and EW positions to determine whether female and African American employees are being afforded equal opportunities for selection and promotion into IWII, IWIII, BDC, DD and EW positions. If the Consultant identifies a shortfall in the number of female and/or black candidates promoted or identifies potentially discriminatory policies, procedures, practices, qualifications, criteria, and/or decisions, the Consultant will advise the ICM about ways Defendants may better achieve equal opportunities for female and Black candidates.

**32.3.   Review of Compensation Practices:** Within one hundred twenty (120) calendar days of retention, the Independent Consultant will review Defendants' compensation policies, procedures, practices, qualifications and criteria for the positions of Internal Wholesaler ("IW"), BDC, DD, and EW and make recommendations to the ICM to ensure that Defendants' compensation policies, procedures, practices, and criteria are transparent, objective, and equitable, and do not discriminate based on race and sex.

**32.4.   Review of Compensation Data:** Within twelve (12) months of retention of the Independent Consultant, and annually thereafter for the remainder of the Decree, the Independent Consultant will review Defendants' data, decisions, and documents relating to compensation of IW, BDC, DD, and EW positions to determine whether female and African American employees are being afforded equal opportunities for compensation in these positions. If the Consultant identifies disparities in the compensation of female and/or African American employees or identifies potentially discriminatory policies, procedures, practices, and/or criteria, the Consultant will advise the ICM about ways Defendants may better achieve equal opportunities for compensation for female and African American employees.

**32.5.   Role of the Independent Consultant:** Other than as provided in this Decree, the role of the Independent Consultant is not intended to replace Defendants' discretion to operate their business or human resource functions.

**32.6.   Labor Economist:** As part of the review of placement and promotion data and/or compensation data under Paragraph 32 of this Decree, the Independent Consultant may, as he or she may deem necessary, request that Defendants contract an independent, qualified Labor Economist to coordinate with the ICM to conduct one or more promotion and/or pay equity studies for the positions of IW, BDC, DD, and

EW. The study or studies shall consider whether disparities in placement and promotion rates and/or compensation are attributable to race and/or sex including, without limitation, base salary, commissions, and bonuses. The statistical analysis and methodology underlying any placement and promotion and/or pay equity studies shall be subject to the discretion of the Labor Economist. The timing of and need for any pay equity study shall be subject to the discretion and expertise of the Independent Consultant.

**32.7.   Review of Complaints of Discrimination and/or Retaliation:**

Within one hundred eighty (180) calendar days of the Effective Date of this Decree, and annually thereafter, the Independent Consultant will review and analyze Defendants' reports of discrimination, harassment, and/or retaliation related to IW, BDC, DD and EW positions within the scope of this Consent Decree. As to each report of alleged sex or race discrimination, harassment, or retaliation, the Independent Consultant shall be provided with Defendants' investigatory records and determination. In addition, the Independent Consultant will be provided the name, address, email address, and telephone number of each person identified as a complainant(s) or potential witness. The Independent Consultant may contact the complainant(s) and/or potential witnesses as the Independent Consultant sees fit.

**32.8.   Advice and Recommendations on Investigatory Processes:** In any Decree year, after reviewing the reports of discrimination, the investigative records, and determinations in any Decree year, the Independent Consultant shall identify any material deficiencies in the Defendants' investigatory processes with respect to reports of discrimination and retaliation and will provide advice and recommendations to the ICM as the Independent Consultant deems appropriate.

**C.         *EEO Policy Review***

**33.**     Within ninety (90) calendar days of the Effective Date of this Decree, Defendants shall in consultation with the Independent Consultant review their existing EEO policies to conform with the law, and revise, if necessary.

**34.**     The written EEO policies must include at a minimum:

**34.1.**   A strong and clear commitment to preventing unlawful race, color, sex and national origin discrimination and retaliation;

**34.2.**   A clear and complete definition of disparate treatment based on race, color, sex, and national origin and retaliation;

**34.3.**   A statement that discrimination based on race, color, sex, national origin or retaliation is prohibited and will not be tolerated;

**34.4.**   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**34.5.** The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**34.6.** A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**34.7.** An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**34.8.** An assurance that appropriate corrective action will be taken by Defendants to make victims whole and to eradicate the unlawful conduct within its workforce;

**34.9.** A description of the consequences, up to and including termination, that will be imposed upon violators of Defendants anti-discrimination policies;

**34.10.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

**34.11.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**35.** Within sixty (60) calendar days after completion of the policy review required under Paragraphs 33 and 34 above, the written EEO policies shall be posted in a prominent location frequented by employees at Defendants' facilities within the scope defined in Paragraph 8, posted on Defendants' intranet site(s), and distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired during the term of this Decree, the receipt of which shall be acknowledged by each employee in writing and retained in each employee's employment file. Defendants shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities or language needs that may prevent them from reading the policies. Alternative formats may include but not be limited to an audiotape format.

### E.    Training

**36.** For the duration of this Decree, Defendants shall provide EEO training for all its employees as described below. The training for current employees as of the Effective Date shall occur within one hundred twenty (120) calendar days of the Effective Date of this Decree, and all subsequent trainings must occur within the subsequent calendar year for the duration of this Decree. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendants' policy and procedures for reporting

alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendants' non-retaliation policy. All training under this Paragraph 36 shall be at Defendants' selection and expense. The first training held within one hundred twenty (120) days of the Effective Date of this Decree shall be by live presentation (including videoconference training) for all categories of employees listed below. All subsequent annual trainings may be by live presentation (including videoconference training), online interactive training, and/or computer training, or any combination of the foregoing. The training will be conducted as follows:

36.1.  **Non-managerial Employees:**  Defendants will provide non-managerial employees at least ninety (90) minutes annually on Title VII's prohibitions on discrimination and retaliation at each of its  locations.  For every employee, attendance at live or videoconference presentations will be mandatory on the days of such training. At least one hour of this training will focus on race, color, sex and national origin discrimination – including, but not limited to, hostile work environment and failure to promote discrimination – and retaliation. All training under this Paragraph 36.1 shall be by the ICM, a qualified HR professional approved by the ICM, or outside vendors.

36.2.  **Managerial and Supervisory Employees**:  Defendants will require all individuals who work in a managerial or supervisory capacity within the Scope of this Decree, including all individuals who have hiring authority or

are responsible for evaluating candidates for promotion to receive at least three (3) hours of training annually regarding Title VII and other federal anti-discrimination laws. The three hours of annual training for managerial or supervisory employees may be divided into two 90-minute sessions in the first year of the decree. In all subsequent years, in the discretion of the ICM, the managerial or supervisory training may be conducted in two 90-minute sessions or three 60-minute sessions as long as the three (3) hours is completed in each year of the Decree. One hour of training for managerial or supervisory training must directly address race, color, sex, and national origin discrimination – including, but not limited to, hostile work environment and failure to promote discrimination – and retaliation, and the remainder of the annual training hours must include the following topics.  Instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination; Defendants shall emphasize to managerial and supervisorial employees that due to their position of power, they (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees;  (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Managerial and supervisorial employees shall also be trained on any policy and procedure changes adopted

pursuant to Paragraphs 33 and 34. This training shall also discuss compensation and promotion policies, procedures, and criteria that do not discriminate based on race and sex. Additionally, Defendants will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite complaint-handling training and the race, color, sex, and national origin and retaliation related training within sixty (60) calendar days of being hired or promoted to a managerial or supervisory position.  All training under this Paragraph 36.2 shall be provided by the ICM, a qualified HR professional trained by the ICM, or outside vendors.  This training shall advise Defendants' managers that, during the duration of this Decree, their monetary bonuses are subject to reduction based on established non-compliance with EEO policies and procedures, policies and laws prohibiting discrimination and retaliation, and this Decree.

**36.3.   Human Resource and Legal Department Employees Who Conduct Investigations:**  Defendants will require all individuals who work in a human resource capacity or for Defendants' Legal Department who receive and respond to employee complaints of discrimination or retaliation, and those responsible for talent acquisition to receive at least four (4) hours of training annually regarding Title VII and other federal anti-discrimination laws. The training must directly address race, color, sex, and national origin discrimination and retaliation, and must include

instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found.  This training shall also discuss compensation and promotion policies, procedures, and criteria that do not discriminate based on race and sex.  Additionally, Defendants will require employees who are newly hired or promoted into a human resource position to complete the training required by this Paragraph 36.3 on race, color, sex and national origin discrimination; retaliation; and investigation of complaints within thirty (30) days of being hired or promoted into a human resource position.

**37.**    No less than fifteen (15) calendar days in advance of the live training or of implementation of online training as applicable all training materials or modules provided pursuant to Paragraph 36 shall be provided to the EEOC.

### F.    Notice Posting

**38.**    Within thirty (30) business days after the Effective Date of this Decree, Defendants shall post in its JNLD Tennessee office and its Lansing office in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall also be posted on Defendants' intranet site(s). The physical Notice shall be the same type, style, and size as set forth in Exhibit B.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or

illegible, Defendants will replace it with a clean copy. Defendants shall certify to the Commission, in writing, within thirty-five (35) business days of the Effective Date of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### G. EEO Compliance as a Component of Management Evaluation

**39.** Within ninety (90) calendar days of the Effective Date of this Decree, Jackson shall implement a management evaluation system that permits the ICM to review and revise manager or supervisor evaluations. To the extent that Defendants have made an internal finding that a manager has violated laws prohibiting discrimination or retaliation or Jackson's EEO policies prohibiting discrimination and retaliation, the ICM shall reflect any disciplinary action in the manager or supervisor's annual evaluation, in addition to any other appropriate response, up to and including termination.

### VII. Record-Keeping and Reporting Provisions

**40.** For the duration of this Consent Decree, Defendants shall maintain the following records concerning implementation of this Consent Decree:

> **40.1.** Applications for placement and promotion to IWII, IWIII, BDC, DD, and EW positions;

> **40.2.** Interview and other notes made with respect to placement and promotion decisions to IWII, IWIII, BDC, DD, and EW;

**40.3.**   Personnel files of individuals seeking promotion to IWII, IWIII, BDC, DD, and EW positions and personnel files for decision-makers on those promotions;

**40.4.**   Payroll records for individuals holding IWII, IWIII, BDC, DD, and EW; positions;

**40.5.**   Job Postings for IWII, IWIII, BDC, DD, and EW positions; and

**40.6.**   For the duration of this Consent Decree, Defendants shall also maintain all records concerning complaints of discrimination based on race, color, sex, or national origin or retaliation made by IWs, BDCs, DDs, and EWs, and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**41.**   Annually for the duration of this Decree, beginning in the first year two hundred forty (240) calendar days from the Effective Date, the Independent Consultant will provide the EEOC and Defendant with a report containing:

**41.1.**   Any advice and/or recommendations made by the Independent Consultant regarding promotional and/or compensation practices;

**41.2.**   Any advice and/or recommendations made by the Independent Consultant based on the Independent Consultant's review of reports of discrimination or retaliation from Defendants' employees, findings by the Independent Consultant regarding any deficiencies in Defendants' complaint or investigative procedures related to discrimination or

harassment, and any steps taken by Defendants to respond to and/or implement the Independent Consultant's findings, advice and/or recommendations.

**42.** Defendants shall provide a report to the Commission on compliance with this Decree within six (6) months after entry of the Decree. Thereafter, for the duration of the Decree, Defendants shall provide annual reports for each twelve-month period following its initial compliance report. The annual reports shall be due thirty (30) calendar days following the respective twelve-month period, except the final report which shall be submitted to the Commission nine (9) weeks prior to the date on which the Consent Decree is to expire.

**43.   Reporting Requirements:**  Each report shall provide the following information within the Scope of this Decree per Paragraph 8 herein:

> **43.1.   Training:**  For each training program required under Paragraph 36, and conducted during the reporting period, Defendants shall submit a registry of attendance, an agenda, the name of each trainer, and a summary of the qualifications of the trainer.

> **43.2.   Posting of Notice**: In each report, Defendants shall recertify to the Commission that the Notice required to be posted under Paragraph 38 of this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

> **43.3.   Policy Review**:  Defendants shall report on the status of the EEO policy review process required under Paragraphs 33 and 34, above.

**43.4.   Certification of Neutral References:** In each annual report, Defendants shall certify that any references provided with respect to the Charging Parties or Aggrieved Individuals complied with Paragraph 22 of this Decree.

**43.5.   Amendment Form U5**: Defendant shall report on the filing of Amendment Form U5s as required under Paragraph 23 of this Decree. Copies of all Amendment Form U5s shall be provided with Defendants' first report.

**43.6.   Expungement**:  Defendants shall report on the expungement of files and electronic records as required under Paragraphs 20 and 21 of this Decree.

## VIII.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**44.**     This Court shall retain jurisdiction of this Litigation for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**45.**     The Parties acknowledge that there is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, Plaintiffs-Intervenors, or their successors or assigns, may enforce compliance herewith.

**46.**     The Commission, and Plaintiffs-Intervenors as to Paragraphs 14-23 of this Decree, may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension

of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

47.     Absent extension, this Decree shall expire by its own terms at the end of forty-eight (48) months from the date of entry without further action by the Parties.

## IX.  EEOC AUTHORITY

48.     With respect to matters or charges outside the Scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in the Complaints in this Litigation and specific Charges set forth in Paragraph 9 of this Decree.

## X.  COSTS AND ATTORNEY FEES

49.     Except as otherwise provided herein, each party shall be responsible for and shall pay its own costs and attorney fees.

## XI.  DURATION OF THE CONSENT DECREE

50.     The duration of this Consent Decree shall be four years from the Effective Date and shall expire by its own terms at the end of four (4) years from the Effective Date, without further action by the Parties.

## XII.  DISPUTE RESOLUTION

51.     The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. However, prior to petitioning the Court, the EEOC will give Defendants notice of the allegations of non-compliance, followed by a thirty (30) day period to either cure the deficiency or negotiate a resolution

of the non-compliance. Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

## XIII.  NOTICE

52.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

|  |  |
|---|---|
| Michael Imdieke | Gerald L. Maatman, Jr. |
| Trial Attorney | Christopher J. DeGroff |
| EEOC Denver Field Office | SEYFARTH SHAW LLP |
| 303 E. 17th Avenue, Suite 410 | 233 South Wacker Drive |
| Denver, CO  80203 | Suite 8000 |
|  | Chicago, IL 60606-6448 |

## XIV.  SIGNATURES

53.     The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2019.

BY THE COURT:


_____

United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _Mary Jo O'Neill_
    Mary Jo O'Neill
    Regional Attorney

Date: _12-02-19_

JACKSON NATIONAL LIFE INSURANCE
COMPANY, INC., JACKSON NATIONAL LIFE
DISTRIBUTORS, LLC, AND JACKSON
NATIONAL LIFE INSURANCE COMPANY OF
NEW YORK

By: _Michael Falcon by Cott_
    Michael Falcon
    CEO
    Jackson Holdings LLC

Date: _12-02-19_

APPROVED AS TO FORM:

_Michael Imdieke_
Michael Imdieke
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

_Loretta Medina_
Loretta Medina
Supervisory Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102

**Attorneys for Plaintiff EEOC**

Justin M. Plaskov
Lynn D. Feiger
LOHF SHAIMAN JACOBS HYMAN &
FEIGER, PC
950 S. Cherry St., Suite 900
Denver, CO 80246

Brian T. Moore
JESTER GIBSON & MOORE, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888

**Attorneys for Plaintiffs-Intervenors
Marcus Adams, Kenneth Conley,
Kimberly Funchess, Alcena
Gannaway, Estate of Kontar Mwamba,
and Marietta Vargas**

**Attorneys for Chuwanda Thigpen**

28

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JACKSON NATIONAL LIFE INSURANCE
COMPANY, INC., JACKSON NATIONAL LIFE
DISTRIBUTORS, LLC, AND JACKSON
NATIONAL LIFE INSURANCE COMPANY OF
NEW YORK

By: _____
         Mary Jo O'Neill
         Regional Attorney

By: _____
         Michael Falcon
         CEO
         Jackson Holdings LLC

Date: _____

Date: _____


APPROVED AS TO FORM:

_____
Michael Imdieke
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

_____
Justin M. Plaskov
Lynn D. Feiger
LOHF SHAIMAN JACOBS HYMAN &
FEIGER, PC
950 S. Cherry St., Suite 900
Denver, CO 80246

_____
Loretta Medina
Supervisory Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102

_____
Brian T. Moore
JESTER GIBSON & MOORE, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888

**Attorneys for Plaintiff EEOC**

**Attorneys for Plaintiffs-Intervenors
Marcus Adams, Kenneth Conley,
Kimberly Funchess, Alcena
Gannaway, Estate of Kontar Mwamba,
and Marietta Vargas**

**Attorneys for Chuwanda Thigpen**

28

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JACKSON NATIONAL LIFE INSURANCE
COMPANY, INC., JACKSON NATIONAL LIFE
DISTRIBUTORS, LLC, AND JACKSON
NATIONAL LIFE INSURANCE COMPANY OF
NEW YORK

By: _____

      Mary Jo O'Neill
      Regional Attorney

Date: _____

By: _____

      Michael Falcon
      CEO
      Jackson Holdings LLC

Date: _____


APPROVED AS TO FORM:

_____
Michael Imdieke
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

_____
Justin M. Plaskov
Lynn D. Feiger
LOHF SHAIMAN JACOBS HYMAN &
FEIGER, PC
950 S. Cherry St., Suite 900
Denver, CO 80246

_____
Loretta Medina
Supervisory Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102

_____
Brian T. Moore
JESTER GIBSON & MOORE, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888

**Attorneys for Plaintiff EEOC**

**Attorneys for Plaintiffs-Intervenors
Marcus Adams, Kenneth Conley,
Kimberly Funchess, Alcena
Gannaway, Estate of Kontar Mwamba,
and Marietta Vargas**

**Attorneys for Chuwanda Thigpen**

28

Gerald L. Maatman, Jr.
Christopher J. DeGroff
Christina M. Janice
Andrew L. Scroggins
Alex W. Karasik
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448

**Attorneys for Defendants**

29

**EXHIBIT A**

**RELEASE OF CLAIMS AGAINST**
**JACKSON NATIONAL LIFE INSURANCE COMPANY,**
**JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, AND**
**JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK**

In consideration for $ _____ paid to me by Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York ("Defendants") in connection with the resolution of *EEOC et al. v. Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York*, Case No. 1:16-cv-02472-PAB-SKC, I waive my right to recover for any claims of race, color, national origin, or sex discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII") that I had against Defendants prior to the date of this release and that were included in the claims alleged in EEOC's Second Amended Complaint in *EEOC v. Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York*, Case No. 1:16-cv-02472-PAB-SKC (D. Colo.)


_____

Name of Charging Party/Aggrieved Individual


Date: _____          Signature: _____

30

**EXHIBIT B**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Jackson National Life Insurance Company, Inc., Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York filed* in the United States District Court for the District of Colorado, Civil Action No. 1:16-cv-02472-PAB-SKC.

Management of Jackson National Life Insurance Company, Inc., Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York ("Jackson") wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Jackson seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, sex, or national origin. This policy extends to promotion practices, compensation and benefits, and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), it is unlawful for an employer to discriminate based upon the race, color, sex, or national origin of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of an internal complaint or charge of discrimination.

Jackson respects the right of its employees and applicants for employment to work and pursue employment in an environment free from discrimination and retaliation. Accordingly, Jackson reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination based on race, color, sex, or national origin.

Jackson also specifically reaffirms that all placement decisions must be made based on objective qualifications for the position without consideration of race, color, sex, or national origin.

Any employee who believes that he/she has suffered discrimination on the basis of race, color, sex, national origin, or retaliation, has the right to contact the EEOC directly at 1-800-669-4000, or the Public Portal at www.eeoc.gov. In compliance with federal law, no official at Jackson will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of four (4) years.

By:_____  _____
                                                              Date

Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, and Jackson National Life Insurance Company of New York

31