IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-02472-PAB-TPO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

And

LA'TONYA FORD,

    Intervenor Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, and
JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,

    Defendants.

## ORDER

The matter before me is that portion of Plaintiff's Motion for Judicial Recusal of Chief Judge Philip Andrew Brimmer and Magistrate Judge Timothy Patrick O'Hara Pursuant to 28 U.S.C. §§ 144, 455 [Docket No. 477] that seeks my recusal.

On March 17, 2025, plaintiff-intervenor La'Tonya Ford filed a forty-nine-page motion requesting that Magistrate Judge Timothy O'Hara and I recuse ourselves from this case. Docket No. 477. I will only consider that portion of Ms. Ford's motion that requests my recusal.[1] Because Ms. Ford is proceeding pro se, I will construe her

---

[1] In a single sentence, Ms. Ford "urges the Court to . . . Disqualify Magistrate Timothy P. O'Hara." Docket No. 477 at 21 (emphasis omitted). To the extent that Ms. Ford's motion can be construed as arguing that I should order Judge O'Hara to recuse

pleadings liberally without serving as her advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under 28 U.S.C. § 455(a), a federal judge is required to recuse himself "in any proceeding in which [his] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'"  *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)).  "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person."  *Id*. (internal quotations and citation omitted).  "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'"  *Id*. (quoting *Wells*, 873 F.3d at 1251).  The "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted).  The party moving to disqualify a judge has the burden of proof.  *Davis v. U.S. Dep't of Justice*, 2024 WL 3617343, at *3 (10th Cir. Aug. 1, 2024) (collecting cases).

---

himself from this case, Ms. Ford's argument on this point is perfunctory and I will not consider the issue.  *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (citation omitted)).

Construing Ms. Ford's arguments liberally, Ms. Ford appears to argue that I should recuse because (1) I selected Judge O'Hara to serve as the magistrate judge in this case despite Judge O'Hara's alleged conflicts of interest,[2] (2) Judge O'Hara has ruled on defendants' motions to restrict before I have ruled on motions filed by Ms. Ford, and (3) I have ruled against Ms. Ford on the parties' motions for summary judgment. Docket No. 477 at 1–2, 31–32.

Ms. Ford argues that I should recuse myself because I assigned Judge O'Hara as the magistrate judge in this case. *Id.* at 7, 9. Ms. Ford argues that Judge O'Hara's assignment did not follow the random case assignment protocols in the District of Colorado. *Id.* at 12. The Court understands Ms. Ford's argument to be that Judge O'Hara's assignment as the magistrate judge in this case did not comply with D.C.COLO.LCivR 40.1(a), which states that "civil actions shall be assigned to judicial officers by random draw."

On August 3, 2018, Magistrate Judge Kato Crews was assigned as the magistrate judge in this case. Docket No. 132. On January 25, 2024, "[d]ue to the recent appointment of Magistrate Judge S. Kato Crews as a United States District Judge," the case was temporarily reassigned to visiting Magistrate Judge James P. O'Hara. Docket No. 301. After the Court selected Judge Timothy O'Hara to fill the magistrate judge vacancy created by Judge Crews becoming an Article III judge, Judge

---

[2] Ms. Ford alleges that Judge O'Hara has a conflict of interest because he previously worked for the Cook County Public Defender's Office in Illinois. Docket No. 477 at 7. She claims that the Cook County Public Defender's Office was represented by defendants' counsel on employment matters while Judge O'Hara was working in the Cook County Public Defender's Office. *Id.*

3

O'Hara was assigned to all of the cases that had been previously assigned to Judge Crews.

Ms. Ford has failed to demonstrate that a reasonable person aware of all the circumstances would harbor doubts about my impartiality.  First, Ms. Ford's motion seems to assume that I assigned Judge O'Hara to this case in my capacity as the presiding district court judge.  This is incorrect.  Judge O'Hara was assigned to Judge Crews's cases pursuant to a district-wide policy.  Second, Ms. Ford has not shown that I had any awareness of the attenuated conflict of interest she claims that Judge O'Hara has.  As such, Judge O'Hara's assignment as the magistrate judge in this case does not serve as a sufficient basis for me to recuse.

Ms. Ford next argues I should recuse because Judge O'Hara has ruled on several of defendants' motions to restrict more quickly than I have ruled on other motions filed by Ms. Ford.  Docket No. 477 at 1–2, 19 ("Chief Judge Brimmer and Magistrate O'Hara have systematically violated the Code of Conduct for United States Judges by . . . Fast-tracking defense motions to seal judicial records . . . while ignoring Plaintiff's motions" (emphasis and citations omitted)).  Ms. Ford appears to argue that the discrepancy between the speed with which the defendants' motions to restrict and Ms. Ford's motions are resolved suggests that I am biased against her or have violated the code of conduct in a way justifying recusal.  *See id.* at 14.

"As a general rule, the manner in which a court disposes of cases on its docket is within its discretion."  *In re D'Amario*, 367 F. App'x 355, 356 (3d Cir. 2010) (unpublished) (citing *In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir. 1982)). There "can be no 'clear and indisputable' right to have the district court handle a case

4

on its docket in a certain manner." *Id.* (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)).  This discretion includes the ability to choose the order in which to address motions, *see Great Am. Ins. Co. v. Mueller*, 2022 WL 2377391, at *3 (11th Cir. June 30, 2022) (court did not abuse discretion in ruling on motion for summary judgment before motion for sanctions); *Redus v. Univ. of Incarnate Word*, 2014 WL 12815471, at *6 n.74 (W.D. Tex. Oct. 17, 2014) (a "district court has discretion to decide which motion . . . to rule upon first" (quoting *Wind v. Eli Lilly & Co.*, 814 F. Supp. 305, 308–09 (E.D.N.Y. 1993)), and to choose which motions to refer to the magistrate judge. *Jaiyeola v. Garmin Int'l, Inc.*, 2021 WL 7082329, at *3 (D. Kan. May 25, 2021) ("But the undersigned has inherent authority to manage her docket and refer matters on her own motion to the assigned magistrate judge consistent with § 636.").  Finally, "a judge's efforts at docket management are not a basis for recusal."  *Watson v. McPhatter*, 2022 WL 1204925, at *4 (M.D.N.C. Apr. 22, 2022) (quoting *McSwain v. Laurene Powell Jobs*, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014)).

      The fact that defendants' motions to restrict have been ruled on before some of Ms. Ford's motions is not a basis for recusal.  Ms. Ford's argument ignores the differences between defendants' routine motions to restrict, which are often less than ten double-spaced pages, *see, e.g.*, Docket No. 451, and Ms. Ford's motions, which frequently exceed thirty single-spaced pages.  *See, e.g.*, Docket Nos. 415, 477.  A reasonable person would not doubt my impartiality based on the fact that Ms. Ford's motions require more time to resolve.  Regardless, I have the discretion to determine the order in which to rule on the motions in this case, as well as which motions to refer to Judge O'Hara, and I have exercised this discretion to promote "economy of time and

5

effort for [the Court], for counsel, and for litigants." *Daker v. Ward*, 2022 WL 17627833, at *2 (S.D. Ga. Dec. 13, 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Finally, Ms. Ford appears to base her recusal motion on the fact that I granted defendants' motion for summary judgment and denied Ms. Ford's motions for summary judgment. Docket No. 477 at 22, 26, 30 (stating that "Defendants' reliance on Judge Brimmer's biased and prejudicial dismissal of certain claims (Dkt. 408) to argue that Docket 450's contents are 'irrelevant' is a deliberate misrepresentation of both the law and the factual record" and that the "Court's rejection of Plaintiff's summary judgment motion as 'untimely' following the October 3, 2022, remand order constitutes a flagrant abuse of discretion and a gross miscarriage of justice"); *see also* Docket No. 271 at 36 (granting defendants' motion for summary judgment); Docket No. 408 at 6 (denying Ms. Ford's motions for summary judgment).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App' x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal."). Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted).

On March 11, 2021, I granted defendants' motion for summary judgment.  Docket No. 271 at 36.  On April 8, 2021, Ms. Ford appealed.  Docket No. 276.  On August 23, 2022, the Tenth Circuit affirmed in part and reversed in part my summary judgment order.  *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1236 (10th Cir. 2022).  In her recusal motion, Ms. Ford identifies no basis for my recusal beyond the fact that I ruled against her on defendants' motion for summary judgment.[3]  My adverse ruling was "grounds for appeal, not recusal."  *Nickl*, 427 F.3d at 1298.  Ms. Ford filed an appeal in this case.  As such, my granting summary judgment for defendants is not a sufficient basis for recusal.

On February 6, 2025, I denied Ms. Ford's motions for summary judgment, Docket Nos. 388, 389.  Docket No. 408 at 6.  In the same order, I denied other motions made by Ms. Ford for injunctive relief.  *Id.* at 5–6.  I found that, although Ms. Ford's motions for summary judgment were nominally marked as such, the motions were "essentially the same" as Ms. Ford's motions for injunctive relief.  *See* Docket No. 408 at 4, 6 n.4.  In all of her motions, Ms. Ford alleged that defendants engaged in a conspiracy to harass Ms. Ford in an effort to deter her from pursuing this litigation.  *Id.* at 4.  I found

---

[3] In her recusal motion, Ms. Ford states that "Chief Judge Philip Andrew Brimmer, as the presiding judge in this case, has consistently demonstrated a troubling and overt bias against Plaintiff."  Docket No. 477 at 32.  She claims that this bias is demonstrated by my "dismissive and callous characterization of Plaintiff's discrimination claims as a 'joke,'" which she argues "is not only deeply offensive but indicative of a broader pattern of unfair treatment."  *Id.*  Ms. Ford appears to be referencing the portion of my order granting defendants' motion for summary judgment that addresses Ms. Ford's claim that she experienced a sexually hostile work environment.  *See* Docket No. 271 at 29.  Ms. Ford's claim is based, in part, on "a lewd joke at a house party in 2008."  *Id.* at 29, 31 ("A rational factfinder could conclude that Ms. Ford experienced more than 'sporadic' jokes and comments.").  My discussion of the lewd joke that Ms. Ford alleges as part of the basis of her claim of a hostile work environment does not express antagonism towards Ms. Ford or her claim and is not a basis for recusal.

that Ms. Ford's allegations regarding the alleged conspiracy were unrelated to her underlying claims of workplace harassment that occurred when Ms. Ford worked at Jackson National Life Insurance Company. *Id.* at 5. I noted that, even if I were to construe two of Ms. Ford's motions to be motions for summary judgment, the deadline for filing dispositive motions passed on April 29, 2020, and the motions would be untimely. *Id.* at 6 n.4. Ms. Ford argues that the Tenth Circuit's reversal of my order granting defendants summary judgment had the effect of reopening this case. Docket No. 477 at 30. She maintains that she is prevented from filing a motion for summary judgment because I have not reset the dispositive motions deadline. *Id.* Ms. Ford appears to assert that because no new deadline for filing dispositive motions has been set, I should find that her motions for summary judgment are timely. *See id.* However, I primarily denied Ms. Ford's motions for summary judgment because the motions concerned matters that were unrelated to her underlying claims. Docket No. 408 at 5–6. As such, the motions provided no basis to grant Ms. Ford summary judgment. My denying Ms. Ford's motions for summary judgment is not a sufficient basis for recusal. Thus, Ms. Ford has identified no decisions, opinions, or remarks by me revealing such a "high degree of favoritism or antagonism as to make fair judgment impossible." *See Nickl*, 427 F.3d at 1298.

It is therefore

**ORDERED** that the portion of Plaintiff's Motion for Judicial Recusal of Chief Judge Philip Andrew Brimmer and Magistrate Judge Timothy Patrick O'Hara Pursuant to 28 U.S.C. §§ 144, 455 [Docket No. 477] that seeks my recusal is **DENIED**. It is further

**ORDERED** that the portion of Plaintiff's Motion for Judicial Recusal of Chief Judge Philip Andrew Brimmer and Magistrate Judge Timothy Patrick O'Hara Pursuant to 28 U.S.C. §§ 144, 455 [Docket No. 477] directed to Magistrate Judge O'Hara is referred to Magistrate Judge O'Hara.

Dated March 19, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge
