IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02472-PAB-TPO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

and

LA'TONYA FORD,

     Intervenor Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, and
JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,

     Defendants.

---

**ORDER**

---

This matter comes before the Court on Intervenor Plaintiff La'Tonya Ford's Motion for Reconsideration of June 5, 2026 Order (ECF No. 706), Renewed Motion for Recusal Pursuant to 28 U.S.C. § 455(a), and Request for Reassignment [Docket No. 707]. Intervenor plaintiff La'Tonya Ford requests recusal and reconsideration of my June 5, 2026 minute order.[1] Ms. Ford does not specify whether she seeks my recusal or the recusal of Magistrate Judge Timothy P. O'Hara. When describing the basis for her motion, Ms. Ford discusses orders from both me and Judge O'Hara. Docket No.

---

[1] Because Ms. Ford is proceeding pro se, I construe her filing liberally without serving as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

707 at 5-6.  Thus, I construe this motion as requesting my recusal and Judge O'Hara's recusal.  I will rule on the portion of this motion seeking my recusal and seeking reconsideration of the June 5, 2026 minute order and will refer the remainder of the motion to Judge O'Hara.

Ms. Ford seeks my recusal under 28 U.S.C. § 455.  *Id.* at 3.  Under 28 U.S.C. § 455, a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'"  *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)).  "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person."  *Id*. (internal quotations and citation omitted).  "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."  *Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) (unpublished) (citation omitted).

Ms. Ford specifies that she does not seek my recusal based on personal animus or actual bias; rather, Ms. Ford argues that I should recuse myself due to the appearance of partiality.  Docket No. 707 at 6.  Specifically, Ms. Ford argues that judicial rulings over the course of a year create an appearance of partiality.  *Id.* at 5-6.  These rulings are (1) a June 25, 2025 order by Judge O'Hara instituting various filing

restrictions, including a filing restriction which limited all parties' filings to 20 pages,
inclusive of exhibits; (2) a July 25, 2025 order by Judge O'Hara granting defendants'
motion to exceed the page limit; (3) a May 27, 2026 order by me striking Ms. Ford's
motion to exceed the page limit for being above the page limit; and (4) a June 5, 2026
order by me granting defendants' motion to suspend certain filing restrictions and
granting Ms. Ford's motion to clarify the proper page limits in this case.  *Id.*

Importantly, "judicial rulings alone almost never constitute a valid basis for a bias
or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also
Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014)
(unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom
administration are insufficient grounds for recusal.").  Ms. Ford acknowledges this fact,
but nevertheless claims that recusal is appropriate because "[a] reasonable observer,
aware of this sequence and the differing outcomes applied to similar procedural issues,
could question whether filing restrictions are being applied in a consistent and neutral
manner."  Docket No. 707 at 8.  I disagree, and find that a reasonable observer would
find that my orders reflect "ordinary efforts at courtroom administration" rather than bias.
*See Lammle*, 589 F. App'x at 849.

In my May 27, 2026 order, I struck Ms. Ford's filing for being 27 pages, more
than was permissible by either Judge O'Hara's filing restriction or my own practice
standards.  Docket No. 698.  While this outcome differs from Judge O'Hara's July 25,
2025 order granting defendants' motion to exceed page limitations, a reasonable
observer would not find it indicative of bias that my ruling differs from a ruling by a
different judge approximately ten months earlier.  This is especially true given that

Judge O'Hara's ruling was on an unopposed motion that was within the page limitations, while my ruling was on an opposed motion that exceeded the page limitation. *Compare* Docket No. 623 *with* Docket No. 696.

A reasonable observer would similarly find my June 5, 2026 minute order to represent a standard effort at court administration. As explained in that order, filings made in connection with the upcoming trial are likely to exceed 20 pages in length inclusive of exhibits. Docket No. 706 at 1-2. Specifically, my Practice Standards require the parties to submit jury instructions, verdict forms, witness lists, and exhibit lists prior to trial. *See* Practice Standards (Civil Case), Judge Philip A. Brimmer, § IV.E.1-2. Thus, the June 5, 2026 minute order suspended the 20-page filing limitation to allow the parties to file the required filings. Docket No. 706 at 2. The June 5, 2026 minute order also suspended another filing restriction, which prohibited Ms. Ford from filing more than one pleading every 14 days. *Id.* at 1-2. As explained in the order, this filing restriction was suspended to allow Ms. Ford to file the required filings for the upcoming trial. *Id.* A reasonable observer would find that I suspended the filing restrictions on Ms. Ford so the parties could properly prepare for trial rather than due to any bias against her; if anything, a reasonable observer would likely find that temporarily removing Ms. Ford's filing restrictions was to her benefit.

Under § 455, "there is as much obligation for a judge ***not to recuse when there is no occasion to do so*** as there is to recuse when there is a reasonable basis to do so." *Drevaleva v. Johnson*, 2023 WL 5564098, at * 5 (D.N.M. Aug. 29, 2023) (citing *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994)); *see also Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987). Ms. Ford seeks my recusal based on

judicial rulings that indicate ordinary efforts at courtroom administration.  Therefore, I will deny her motion to recuse.

I will also deny her motion for reconsideration of the June 5, 2026 minute order. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).  To avoid the inefficiency that would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.  *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5–6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1–2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)

5

("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

Ms. Ford presents no new evidence or legal authority in support of her request for reconsideration. *See* Docket No. 707 at 10-11. Rather, she seeks reconsideration based on her belief that the June 5, 2026 minute order unfairly imposed a more restrictive filing framework. *Id.* But the June 5, 2026 minute order did the opposite: it suspended existing filing restrictions. And while it did replace the 20-page limitation with the Court's 15-page limit in its Practice Standards, the 15-page limit is exclusive of exhibits. Docket No. 706 at 2. Moreover, as noted in the minute order, Ms. Ford can file requests to exceed the page limit, which will be granted upon a showing of good cause. *Id.*

Therefore, it is

**ORDERED** that Intervenor Plaintiff La'Tonya Ford's Motion for Reconsideration of June 5, 2026 Order (ECF No. 706), Renewed Motion for Recusal Pursuant to 28 U.S.C. § 455(a), and Request for Reassignment [Docket No. 707] is **DENIED**. It is further

**ORDERED** that the portion of the motion for recusal requesting the recusal of Judge O'Hara is **REFERRED** to Judge O'Hara.

DATED June 11, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

6