IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02472-PAB-TPO

LA'TONYA FORD,

Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, and
JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) [Docket No. 768], Plaintiff's Motion for Preparation of the July 10, 2026 Transcript at Government Expense Under 28 U.S.C. § 753(f) [Docket No. 769], Plaintiff's Unopposed Request for Telephonic Hearing on Defendants' Bill of Costs [Docket No. 779], Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of ECF No. 769 [Docket No. 780], Plaintiff's Expedited Motion to Defer Ruling Until Plaintiff Files Reply to Defendants' Opposition (ECF No. 781) [Docket No. 782], Plaintiff's Motion for Leave to File a Limited Supplemental Reply in Support of ECF No. 768 [Docket No. 787], Plaintiff's Renewed Motion for Limited Pacer Fee Exemption, Express Waiver of Pacer User Fees, and Related Administrative Relief [Docket No. 796], and Plaintiff's Motion for Leave to File

Limited Surreply to Defendants' Reply in Support of Bill of Costs (ECF No. 797), to Correct the Service Record, and to Defer Taxation [Docket No. 799].

## I. BACKGROUND

This case was filed on September 30, 2016 by the Equal Employment Opportunity Commission ("EEOC"). Docket No. 1. Ms. Ford intervened as a plaintiff on January 9, 2017. Docket No. 21. The EEOC and other intervenor plaintiffs ultimately settled their claims, leaving only Ms. Ford, then represented by counsel, to prosecute this case. Docket No. 170. Ms. Ford's counsel withdrew on November 13, 2019 after being terminated by Ms. Ford. Docket Nos. 166, 169. Upon granting counsel's motion to withdraw, then-Magistrate Judge S. Kato Crews reminded Ms. Ford that she is responsible for all obligations in this case. Docket No. 169. Judge Crews further informed Ms. Ford that it was her duty "to diligently participate in this action using [her] own resources to meet [her] litigation needs." Docket No. 183 at 1. Ms. Ford retained new counsel in March 2020, Docket Nos. 192-94, but counsel filed a motion to withdraw on February 26, 2024, citing a breakdown in the client relationship. Docket No. 303. Ms. Ford was again reminded that she is personally responsible for complying with all court orders. Docket No. 313.

The same day that Ms. Ford's new counsel filed a motion to withdraw, Ms. Ford filed a motion reporting a coordinated effort of harassment against her. Docket No. 302. Magistrate Judge O'Hara, who was assigned to the case, denied the order, finding it to be "rambling, incoherent, and devoid of any credible evidence of misconduct." Docket No. 312. Since Ms. Ford made that filing, she has filed dozens of additional "motions" and "notices" containing unsubstantiated allegations of harassment. *See* Docket No. 757-1. In a February 6, 2025 order disposing of 10 such filings, the Court noted that

these allegations were unrelated to the underlying claims in this case. Docket No. 408 at 5. The Court explained that, because the allegations "do not bear any relationship to the conduct asserted in the complaint and do not show any plausible connection to the defendants, the Court will deny each of the motions." *Id.* Nevertheless, the motions continued, and in an August 13, 2025 order, the Court noted that Ms. Fords' motions raised the same allegations that the Court had previously addressed, and did not relate to the underlying workplace harassment claims in this case. Docket No. 633 at 4. The Court stated that Ms. Ford's filings raising such irrelevant allegations "have expended significant court resources." *Id.* at 13. Yet, Ms. Ford's irrelevant filings continued. *See, e.g.,* Docket Nos. 652, 659, 682. On May 12, 2026, the Court warned Ms. Ford "of the importance of complying with the Court's rules in order to avoid negative consequences." Docket No. 688.

On October 28, 2025, the Court set a Trial Preparation Conference ("TPC") for July 10, 2026 and set a six-day trial commencing on July 27, 2026. Docket No. 668 at 1. The order setting the case for trial noted that in-person attendance at the TPC was mandatory. *Id.* On July 1, 2026, Ms. Ford filed a motion to appear remotely at the July 10, 2026 TPC, stating that, because she resides in Dallas, in-person attendance would represent a substantial financial burden. Docket No. 726 at 3. On July 2, 2026, the Court denied the motion to appear remotely, emphasizing the importance of in-person attendance at the TPC. Docket No. 731 at 2. The Court stated that, while it appreciated the financial strain that in-person attendance would cause Ms. Ford, in-person attendance was nevertheless necessary for Ms. Ford—who is not an attorney—to familiarize herself with the jury box and the transceivers that are used in place of

bench conferences. *Id.* The Court also noted, in explaining why it was necessary for Ms. Ford to appear in-person, the importance of assessing whether Ms. Ford and the attorneys could comply with court rules and the rules of decorum. *Id.* This was especially pertinent regarding Ms. Ford due to her history of filing pleadings that were not focused on the issues relevant to this case. *See* Docket No. 408 at 5.

On July 6, 2026, Ms. Ford filed a motion for reconsideration, again arguing that she lacked the financial resources to attend the TPC. Docket No. 738. The Court denied the motion, reiterating that it appreciated the financial strain caused by in-person attendance, but that Ms. Ford's "in-person attendance is important to assess her ability to follow court rules and to allow her to familiarize herself with trial procedures." Docket No. 750 at 3. The Court warned Ms. Ford that "the failure to follow the Court's rules and orders—including its order to attend the July 10, 2026 TPC in-person—constitutes grounds for sanctions, including dismissal." *Id.* at 4-5. Moreover, because Ms. Ford suggested that she would not appear for the TPC, the Court ordered Ms. Ford to file a brief confirming that she would appear in-person on July 27, 2026 for trial and explaining what arrangements she made for lodging during the course of the six-day trial. *Id.* at 5-6. The Court also ordered Ms. Ford to identify the names of the witnesses she would call in her case and explain what arrangements she made to ensure the appearance of each witness at trial. *Id.*

Ms. Ford, however, did not confirm that she would appear in-person for trial. She repeatedly affirmed her *intent* to appear in-person, but stated that she had not yet secured travel or lodging due to having insufficient funds. Docket No. 754 at 11. While Ms. Ford stated she was attempting to earn the funds necessary to attend trial, she

identified no concrete plans explaining how she would do so. *Id.* Moreover, Ms. Ford listed 55 witnesses that she intended to call at trial, despite stating that she had served no subpoenas to compel witness attendance and made no informal arrangements for any of the witnesses to appear for trial. *Id.* at 4-9.

Ms. Ford failed to appear for the July 10, 2026 TPC. Docket No. 766 at 1. At the July 10 hearing, the Court took up the issue of determining the appropriate sanction. *Id.* After analyzing the factors set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Court noted that it was sensitive to Ms. Ford's financial constraints, but nevertheless determined that Ms. Ford's failure to appear at the TPC and Ms. Ford's failure to assure the Court that she would appear at trial both independently constituted grounds to dismiss the case with prejudice. *Id.* The Court found that the lack of assurance that Ms. Ford would appear at trial, and there being no basis to assume she would appear for trial, especially given her failure to appear for the TPC, constituted grounds to dismiss the case. The Court vacated the trial, dismissed Ms. Ford's claims with prejudice, and closed the case. *Id.* at 1-2.

On July 16, 2026, Ms. Ford filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Docket No. 768. On August 6, 2026, defendants filed a response, Docket No. 781, and on August 7, 2026, Ms. Ford filed a reply. Docket No. 784. On August 11, 2026, Ms. Ford filed a motion for leave to file a supplemental reply. Docket No. 787. Ms. Ford also filed many other motions that are now before the Court, relating to, among other things, objections to defendants' proposed bill of costs, her desire to obtain a transcript of the TPC, and her desire to waive fees for using PACER. *See* Docket Nos. 769, 780, 782, 792, 797, 799.

## II. LEGAL STANDARD

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation and alterations omitted). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Somerlott v. Cherokee Nation Distributors, Inc.,* 686 F.3d 1144, 1153 (10th Cir. 2012)). Here, Ms. Ford does not show an intervening change in the controlling law or present new evidence previously unavailable. *See generally* Docket No. 768. Thus, the Court will consider whether there is a need to correct clear error or prevent manifest injustice.

## III. ANALYSIS

### A. Transcript

On July 21, 2026, Ms. Ford filed a motion under 28 U.S.C. § 753(f) for the government to pay for a transcript of the July 10, 2026 TPC. Docket No. 769. Under § 753(f), "[f]ees for transcripts furnished in . . . proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States." 28 U.S.C. § 753(f). The Court has denied Ms. Ford's request to proceed in forma pauperis without prejudice to her filing a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit. Docket No. 776. Therefore, because Ms. Ford is not currently proceeding in forma pauperis, she has no basis under § 753(f) to have a transcript prepared at the expense of the United States. *See Gee v. Ruettgers*, 113 F.3d 1246 (Table), 1997 WL 292134, at *2 (10th Cir. 1997) ("Because plaintiff will not be permitted to proceed IFP, he is not entitled to a free court-ordered transcript."). Accordingly, the

Court will deny the motion. The Court will also deny Ms. Ford's motion to file a supplemental memorandum in support of the motion, Docket No. 780, as the Court does not need any additional briefing on this issue.

### B. *Ehrenhaus* Dismissal

The Court will now consider Ms. Ford's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Docket No. 768. "Rule 16(f)[, through cross references Rule 37(b)(2)(A),] enables the court to impose sanctions, including dismissal, when a party fails to appear . . . at a . . . pretrial conference." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also* Fed. R. Civ. P. 16(f)(1)(A); Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, "[u]nder Rule 41(b), a district court may dismiss an action sua sponte if a plaintiff refuses to comply with mandatory rules or a court order." *Gibson v. Alamosa Police Dep't*, 2025 WL 1903681, at *2 (10th Cir. July 10, 2025) (internal quotations and citation omitted); *see also Baxter v. Stantec Consulting Servs. Inc.*, No. 24-cv-01894-SBP, 2025 WL 2841472, at *4 (D. Colo. Oct. 6, 2025) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders.") (citation omitted). "[D]istrict courts enjoy very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (citation and internal quotations omitted).

"Before dismissing a case with prejudice as a sanction—whether under Rule 41 or 37—a district court should evaluate [the *Ehrenhaus*] factors on the record." *Ellis-Hall*

*Consultants, LLC v. Hofmann*, 2022 WL 3972093, at *4 (10th Cir. Sept. 1, 2022) (internal quotations and citation omitted). These factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . .; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . .; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* The Court considered each of these factors before dismissing Ms. Ford's case with prejudice. Docket No. 766 at 1.

Ms. Ford argues that the Court improperly found that Ms. Ford was culpable for not attending the TPC. Docket No. 768 at 7. Specifically, Ms. Ford appears to argue that her failure to attend the TPC was not willful because it was due to her financial constraints. *Id.* The culpability factor "requires willfulness, bad faith, or some fault rather than just a simple inability to comply." *Ellis-Hall Consultants, LLC v. Hofmann*, 2022 WL 3972093, at *5 (10th Cir. Sept. 1, 2022) (internal quotations, alteration, and citation omitted). Ms. Ford cites *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958), for the proposition that an inability to follow a court order does not constitute willful conduct. Docket No. 768 at 7. However, *Rogers*, 357 U.S. at 211-12, addressed whether a party was culpable for not complying with a discovery order when there was a legitimate fear of criminal prosecution from a foreign government if the party were to comply with the discovery order. *Rogers* did not address whether a party's financial constraints constitute good

cause to disobey a court order or fail to attend a trial preparation conference due to financial reasons. Conversely, in *Mobley v. McCormick*, 69 F.3d 548 (Table), 1995 WL 578987, at *3 (10th Cir. 1995), the Tenth Circuit found that a pro se plaintiff was culpable for his failure to attend court hearings despite the pro se plaintiff blaming his failure to comply on financial limitations. The Court finds that it was not clear error to find that Ms. Ford was culpable for her failure to attend the TPC despite Ms. Ford's financial limitations.

Ms. Ford argues that the Court should not have dismissed her case because plaintiff intended to appear at trial. Docket No. 768 at 6. Ms. Ford asserts that "[a] conditional order requiring proof of travel by a date certain would have resolved the uncertainty without immediately extinguishing the remanded claims."[1] *Id.* However, the Court did not dismiss Ms. Ford's claims solely because of concerns that Ms. Ford would not appear at trial; rather, the Court found that Ms. Ford's failure to appear at the TPC was an independent ground for dismissal. Docket No. 766 at 1. Courts have consistently affirmed that a party's failure to attend a hearing or conference can be grounds to dismiss a case with prejudice as a sanction. *See Jones*, 996 F.2d at 264 (stating that Rule 16(f) enables courts to impose sanctions, including dismissal, when a party fails to appear at a pretrial conference); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-36 (1962) (affirming the decision to dismiss a case with prejudice after plaintiff's

---

[1] As found by the Court at the July 10, 2026 TPC, the Court ordered Ms. Ford to provide assurances that she would attend the trial in-person. Ms. Ford failed to provide any. Ms. Ford could have submitted "proof of travel by a date certain" before the TPC, but did not do so. Moreover, if by "proof of travel" Ms. Ford means proof of actually traveling to Denver for the trial, the Court does not understand how Ms. Ford could have done so sufficiently far in advance of trial to assure the Court that Ms. Ford would attend without Ms. Ford incurring extra expenses by arriving early.

counsel failed to appear at a pretrial conference); *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187-89 (10th Cir. 2002) (same); *Yates v. Arkin*, No. 06-cv-00089-WDM-BNB, 2006 WL 2165698, at *1 (D. Colo. July 31, 2006) (dismissing a pro se plaintiff's case when the plaintiff failed to appear in court and had previously filed frivolous documents).

Ms. Ford does not explain what would have changed between her July 8, 2026 response and the first day of trial on July 27, 2026 that would have ensured her appearance at trial. Giving Ms. Ford additional time to finalize travel arrangements, when she already stated she had no concrete plans for doing so, would have prejudiced defendants and the Court, who would have had to expend significant resources preparing for a trial that was unlikely to occur. This is especially so given that Ms. Ford listed 55 witnesses that she intended to call at trial, *id.* at 5-9, necessitating defendants having to prepare to cross-examine them. Moreover, postponing the dismissal decision until Ms. Ford's failure to attend trial would have inconvenienced prospective jurors if she failed to appear. Therefore, the Court finds that it did not err in dismissing the case despite plaintiff's "intention" to appear at trial.

Ms. Ford argues that the Court erred in its consideration of the fifth *Ehrenhaus* factor because "trial-management orders," as well as alternative sanctions Ms. Ford proposed, would be sufficient sanctions for Ms. Ford's failure to appear. Her proposed trial-management orders included limiting her to a "prioritized" witness list, limiting cumulative testimony, and conducting a "narrowed" trial. Docket No. 768 at 8-9. However, while these proposals could have obviated the Court and defendants doing certain preparation for trial, none of these alternative sanctions would have ensured Ms.

Ford's appearance at trial.[2] Other alternative sanctions related to Ms. Ford's appearance at trial were similarly deficient. For example, while Ms. Ford did not request to try the case remotely, the Court would have denied such a request if it had been made. The idea of Ms. Ford trying her case remotely raised myriad issues, including the jurors' inability to assess her demeanor if she appeared remotely, technical issues in displaying and admitting exhibits without Ms. Ford being present, the inefficiencies of conducting bench conferences with her appearing remotely, the likely need to explain trial procedures to Ms. Ford remotely given her failure to attend the TPC, and whether Ms. Ford had access to the bandwidth and technical know-how to connect remotely for a trial. *See Shell v. Henderson*, No. 09-cv-00309-MSK-KMT, 2013 WL 4502271, at *3 (D. Colo. Aug. 23, 2013) (denying a request to appear at trial remotely due to similar concerns). In addition, it would have been difficult to conduct jury selection with Ms. Ford appearing remotely, especially given that jurors do not appear on camera, unless Ms. Ford made some special arrangement that the Court approved.

While Ms. Ford's financial struggles might make in-person attendance challenging, the Tenth Circuit has stated that reducing litigation costs does not constitute good cause that requires district courts to allow remote attendance. *See Ali v. Lambert*, 2021 WL 3009712, at *3 (10th Cir. July 16, 2021); *see also Shell*, 2013 WL 4502271, at *3 (finding that a significant financial burden on a pro se party does not justify holding a trial remotely).

---

[2] Ms. Ford also suggests "enter[ing] a conditional order [of dismissal] tied to actual trial attendance." Docket No. 768 at 9. As explained above, however, such a conditional order would prejudice defendants, the Court, and the jury if Ms. Ford failed to appear and, given Ms. Ford's July 8, 2026 brief and Ms. Ford's failure to appear at the TPC, the Court found it highly unlikely that Ms. Ford would appear at trial.

Moreover, while Ms. Ford did not request to continue the trial,[3] the Court finds that it would have denied such a request. There was no indication that Ms. Ford's financial circumstances would change, and the Court finds it is likely that Ms. Ford would not attend a new trial date.

In addition, a continuance would have been impracticable for other reasons. A continuance would have prejudiced defendants, who had expended time and resources litigating this case for over a decade and wanted to resolve this matter. Thus, the Court finds that no lesser sanctions would have been effective. Accordingly, the Court finds that it did not err in finding that the fifth *Ehrenhaus* factor weighs in favor of dismissal.

Ms. Ford argues that dismissal of her case is inappropriate because her claims have merit. Docket No. 768 at 10-11. However, whether a claim has merit is not an *Ehrenhaus* factor. The Court need not consider the merits of a claim when deciding whether dismissal is an appropriate sanction. Therefore, the Court did not err by not considering the merits of Ms. Ford's claims when dismissing her case.

Ms. Ford argues that, even if dismissal of her case was justified, the Court should have done so without prejudice. *Id.* at 13. Specifically, Ms. Ford asserts that "the justification for claim-preclusive punishment must appear in the district court's own record." *Id.* However, Ms. Ford's failure to appear at the TPC is reflected in the record and, in an oral ruling at the time, the Court analyzed whether Ms. Ford's failure to appear at the TPC warranted dismissal with prejudice under the *Ehrenhaus* factors.

---

[3] Ms. Ford requests that, if the Court does not reopen this case, it changes the dismissal to a dismissal without prejudice. Docket No. 768 at 13. This is a variant of requesting a continuance, as it would allow Ms. Ford to bring her claims again at a later date. The Court finds that such a request is impracticable for the same reasons a continuance is impracticable.

*See* Docket No. 766. Therefore, as noted on July 10, 2026 and as noted above, the Court finds that it was appropriate to dismiss Ms. Ford's claims with prejudice. The Court will deny Ms. Ford's motion to alter or amend the judgment.

On August 11, 2026, Ms. Ford filed a motion for leave to submit a supplemental reply in support of her motion to alter or amend the judgment. Docket No. 787. Ms. Ford seeks to file a supplemental reply to address the fact that she was allegedly never sent a copy of defendants' trial brief, Docket No. 757. *Id.* at 1-3. Defendants' trial brief gives an overview of defendants' theory of the case. *See generally* Docket No. 757. Defendants' trial brief is not a motion requesting a form of relief and is not a filing which requires a response. *Id.*; *see also* Practice Standards (Civil Cases), Judge Philip A. Brimmer, § IV.H ("A trial brief may not be used as a substitute for a motion"). The Court did not rely on the trial brief when deciding whether dismissal of Ms. Ford's case was an appropriate sanction for her failure to appear at the TPC. Therefore, the fact that Ms. Ford purportedly did not receive a copy of defendants' trial brief is immaterial to the Court's ruling and does not provide a basis for the Court to alter or amend its judgment. Thus, the Court will deny her motion. Nevertheless, the Court did review Ms. Ford's supplemental reply and finds that it would not change its ruling on the motion to alter or amend the judgment.[4]

---

[4] In her motion to alter or amend the judgment, Ms. Ford requests leave to file another supplemental reply after receiving the transcript of the TPC. Docket No. 768 at 13-14. Ms. Ford, however, states that the Court may rule on the motion based on "its own recollection." *Id.* at 14. The Court does not need any more briefing to rule on the motion and will rule based on the briefing currently before it. Moreover, before filing a reply, Ms. Ford filed a motion requesting that the Court defer ruling on the motion to alter or amend the judgment before Ms. Ford had the opportunity to file a reply. Docket No. 782. Because plaintiff has since filed a reply, Docket No. 784, the Court will deny the motion as moot.

C. **Bill of Costs**

On July 27, 2026, defendants filed a proposed bill of costs. Docket No. 772. Ms. Ford filed objections to the bill of costs. Docket No. 792. "Cost issues are resolved by the Clerk of Court." *Great Bowery Inc. v. Vivid Beauty*, No. 25-cv-01772-PAB-KAS, 2026 WL 2532408, *2 (D. Colo. June 22, 2026). Thus, the Clerk of Court will review Ms. Ford's objections to the bill of costs in due course. On September 4, 2026, defendants filed what they titled a reply in support of bill of costs. Docket No. 797. The "reply" responds to Ms. Ford's objections to the bill of costs. *See generally id.* Defendants' bill of costs is a boilerplate form stating what costs defendants claim entitlement to; it does not provide argument as to why defendants are entitled to such costs. *See generally* Docket No. 772. Thus, the Court construes defendants' "reply" as a response to Ms. Ford's objections to the bill of costs.

On September 8, 2026, Ms. Ford filed a motion for leave to file a surreply responding to defendants' "reply." Docket No. 799. Ms. Ford attached her proposed surreply. Docket No. 799-2. Because the Court construes defendants' reply as a response to Ms. Ford's objections, Ms. Ford is entitled to file a reply. Thus, the Court construes her proposed "surreply" as a reply and will deny the motion to file a surreply as moot. The Clerk's office shall file the surreply, Docket No. 799-2, as a separate docket entry.

D. **Fee Exemption**

Lastly, Ms. Ford moves for an exemption from fees charged from the Public Access to Court Electronic Records service ("PACER"). Docket No. 796. In doing so, Ms. Ford notes her financial difficulties. *Id.* at 4. Ms. Ford states that her previous request for free PACER access was denied by Judge O'Hara. *Id.* at 3. However, Ms.

Ford does not need PACER to access documents in this action. "[P]ro se parties receive documents filed in their case either by paper copies sent to them by U.S. mail or by registering to receive electronic notification of court filings by email. Moreover, pro se parties receive one 'free' copy of each document filed in their case: they only incur a fee to view and download the document if they fail to print or save the document after their first look." *Q'nika Union v. City of Gardner, Kan.*, 2026 WL 1972706, at *1 (D. Kan. July 8, 2026) (footnote omitted); *see also O'Neil v. Herrera-Rivera*, No. 26-cv-00255-CNS-CYC, 2026 WL 766676, at *2 (D. Colo. Mar. 18, 2026) ("The plaintiff asserts that he cannot monitor the filings in this case because he cannot pay the PACER fees. This Court, however, mails all filings to the plaintiff. As such, the plaintiff has not demonstrated a need for an exemption."). Ms. Ford has not stated whether she has printed the pleadings that were sent to her.

"[E]xemptions from PACER user fees are uncommon." *O'Neil*, 2026 WL 766676, at *2 (citation omitted). A "plaintiff's financial status alone, then, is not sufficient for [courts] to conclude that [plaintiff's] PACER fees may be waived." *Id.* Thus, the Court will deny the motion for a PACER fee exemption.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) [Docket No. 768] is **DENIED**. It is further

**ORDERED** that Plaintiff's Expedited Motion to Defer Ruling Until Plaintiff Files Reply to Defendants' Opposition (ECF No. 781) [Docket No. 782] is **DENIED as moot**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File a Limited Supplemental Reply in Support of ECF No. 768 [Docket No. 787] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Preparation of the July 10, 2026 Transcript at Government Expense Under 28 U.S.C. § 753(f) [Docket No. 769] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of ECF No. 769 [Docket No. 780] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File Limited Surreply to Defendants' Reply in Support of Bill of Costs (ECF No. 797), to Correct the Service Record, and to Defer Taxation [Docket No. 799] is **DENIED as moot**. It is further

**ORDERED** that Plaintiff's Renewed Motion for Limited Pacer Fee Exemption, Express Waiver of Pacer User Fees, and Related Administrative Relief [Docket No. 796] is **DENIED**.

DATED November 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge